## S11A1492. WALKER v. THE STATE.
(722 SE2d 72)

MELTON, Justice.

Following a jury trial, Ernest Lee Walker appeals his convictions for malice murder, felony murder, aggravated assault, possession of a knife during the commission of a crime, and cruelty to children in the third degree,[1] contending that the trial court erred in admitting certain incriminating statements made by him to the State's psychiatric expert. For the reasons set forth below, we affirm.

1. In the light most favorable to the verdict, the facts show that Walker and his two minor nephews were staying with Walker's mother, Katherine Fountain. On the evening of June 19, 2007, while

---

[1] On August 24, 2007, Walker was indicted for malice murder, felony murder, aggravated assault, possession of a knife during the commission of a felony, and two counts of cruelty to children in the second degree. Following a jury trial, Walker was convicted on all counts, except the jury found him guilty of the lesser crime of cruelty to children in the third degree. Thereafter, Walker was sentenced to life imprisonment for murder, five consecutive years to the murder count for possession of a knife, and one year concurrent with possession of a knife for cruelty to children. The conviction for felony murder was vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining charges were merged with the conviction for malice murder. On November 9, 2009, Walker filed a motion for new trial, amended on May 17, 2010. The amended motion was denied on June 17, 2010, and following Walker's filing of a timely notice of appeal, this case was docketed to the September 2011 term of this Court and submitted for decision on the briefs.

in Fountain's kitchen, Fountain and Walker began to argue about Walker's sloppiness around the house. During the argument, Walker punched Fountain in the face, and Fountain retreated to a back bedroom to call police. At the same time, Walker went to his own bedroom and retrieved a knife. While on the phone with the 911 operator, Fountain returned to the kitchen. Walker then snuck behind her and stabbed Fountain in the back nineteen times, all while Walker's two minor nephews watched and pleaded for Walker to stop. Soon thereafter, police entered the home and apprehended Walker, who was still holding the knife in his hand. Fountain later died from her stab wounds.

At trial, Walker called Dr. Kevin Richards to testify about Walker's mental condition at the time of the crime. Dr. Richards determined that Walker suffered from a persecutory delusional disorder which caused him to believe that there were forces aligned against him and that his mother wanted to harm him or cause other people to harm him. Dr. Richards testified that Walker's persecutory delusion might cause him to perceive a greater threat from his mother than actually existed.

As provided in OCGA § 17-7-130.1,[2] the State called Dr. Peter Ash in rebuttal. Dr. Ash testified that, during his examination, Walker denied having any delusional thoughts. Dr. Ash further stated that Walker told him that he was angry with his mother on the night of the murder for making the 911 call and for falsely accusing him of hitting her. Walker stated that he stabbed Fountain because he believed that, if he was already going to get in trouble for hitting Fountain in the mouth, he may as well be in trouble for stabbing her. Dr. Ash testified that it was his opinion that Walker did not show any signs of a delusional disorder.

This evidence was sufficient to enable the jury to find Walker guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Walker maintains that the trial court erred by allowing Dr.

---

[2] OCGA § 17-7-130.1 provides:

At the trial of a criminal case in which the defendant intends to interpose the defense of insanity, evidence may be introduced to prove the defendant's sanity or insanity at the time at which he is alleged to have committed the offense charged in the indictment or information. When notice of an insanity defense is filed, the court shall appoint at least one psychiatrist or licensed psychologist to examine the defendant and to testify at the trial. This testimony shall follow the presentation of the evidence for the prosecution and for the defense, including testimony of any medical experts employed by the state or by the defense. The medical witnesses appointed by the court may be cross-examined by both the prosecution and the defense, and each side may introduce evidence in rebuttal to the testimony of such a medical witness.

Ash to testify regarding the statements made to him by Walker, arguing that these statements were inadmissible because Walker's *Miranda* rights were not re-read to him prior to the psychiatric interview and because his counsel was not present. These contentions have previously been decided adversely to Walker's claims.

We have described the necessity of the rule set forth in OCGA § 17-7-130.1 as follows:

> The rule requiring a defendant who elects to present the testimony of a mental health expert to submit to examination by a State expert arises from the State's overwhelming difficulty in responding to the defense psychiatric testimony without its own psychiatric examination of the accused and by the need to prevent fraudulent mental defenses. The rule seeks a fair balance between the interests of the State, the regard for the function of the courts to ascertain the truth, and the scope of a defendant's privilege against self-incrimination. It has been likened to the defendant's waiver of his privilege against self-incrimination should he choose to testify on his behalf; if he takes the stand, the State may cross-examine him. If a defendant who wishes to present the testimony of a mental health expert at his trial refuses to submit to an examination by a State mental health expert, the trial court may prevent the defendant's expert from testifying. If a defendant chooses to present mental health evidence through lay witnesses only, the State may not rebut the mental health evidence with the testimony of its mental health expert. Therefore, the purpose of the rule requiring the defendant to submit to a State mental health examination under these circumstances is to permit the State to formulate a response or a rebuttal to the testimony of the defendant's mental health expert.

(Citations and punctuation omitted.) *Nance v. State*, 272 Ga. 217, 219-220 (2) (526 SE2d 560) (2000). Therefore, because Walker chose to call Dr. Richards to testify regarding his mental state at the time of the crime, the State had a statutory right to call Dr. Ash in rebuttal.

Contrary to his claims otherwise, Walker did not have either a Sixth Amendment right to counsel or a Fifth Amendment right requiring that his *Miranda* rights be repeated to him during the interview with Dr. Ash under the facts of this case.

> [Walker did not] have a constitutional right to the presence of counsel during the state's psychiatric examination. He

asserts no compelling reason for counsel's presence, and we have never ruled that counsel must be present during psychiatric evaluation ordered by a trial court. See *Strickland v. State*, 247 Ga. 219 (275 SE2d 29) (1981); *Presnell v. State*, 241 Ga. 49 (243 SE2d 496) (1978). It has been observed that an attorney present during a psychiatric interview could contribute little and might seriously disrupt the examination. *Estelle v. Smith*, [451 U. S. 454 (101 SC 1866, 68 LE2d 359) (1981)]. [Walker] was given a full and proper *Miranda* warning at the time of his arrest, but it was not necessary to remind him (although the state did so) that he need not answer any of the interviewer's questions before the state psychiatric examination. A full, separate, second warning was not necessary. *Anglin v. State*, 244 Ga. 1 (257 SE2d 513) (1979).

*Godfrey v. Francis*, 251 Ga. 652, 657 (5) (308 SE2d 806) (1983).

Accordingly, in this specific context, there was no requirement to repeat the *Miranda* warnings. In addition, Walker's counsel was aware of the psychiatric interview with Dr. Ash and chose not to attend. The trial court did not err in its ruling to admit into evidence incriminating statements made by Walker during his interview with Dr. Ash. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 6, 2012.

*Kenneth R. Croy, Christopher R. Geel*, for appellant.

*Patrick H. Head, District Attorney, John R. Edwards, Allen R. Knox, Anna G. Cross, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General*, for appellee.