S12A1182. GREEN v. THE STATE.
(731 SE2d 359)

THOMPSON, Presiding Justice.

Appellant Brandon Green was convicted of murder in connection with the shooting death of Teressa Owens.[1] He appeals, asserting ineffective assistance of counsel. Finding no error, we affirm.

Appellant and the victim lived on the same floor at the Old English Inn, an extended stay motel. They argued more than once on the night in question. In the midst of their last argument, the victim exclaimed that she was "going to get" appellant and slammed the door. Appellant left for a few minutes, returned to the victim's room and knocked on the door. When the victim opened the door, appellant put a shotgun to the victim's face and told her to "shut her mouth." Then appellant pulled the trigger and said, "I got you first." The victim died within minutes.

1. Viewed in the light most favorable to the verdict, the evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The crimes occurred on June 17, 2007. The grand jury indicted appellant on August 23, 2007, and charged him with malice murder, felony murder, aggravated assault and possession of a firearm by a convicted felon. Trial commenced on February 23, 2009, and ended the following day. The firearm possession charge was nolle prossed; the jury found appellant guilty of the remaining charges; the trial court sentenced appellant to life in prison for felony murder. The trial court merged and vacated the remaining counts. Appellant sought and was granted permission to file an out-of-time appeal, and appellant filed a motion for new trial on November 6, 2009. The trial court denied appellant's motion for new trial on November 30, 2011, and appellant filed a notice of appeal on December 20, 2011. The appeal was docketed in this Court for the April 2012 term and submitted for decision on briefs.

2. Appellant asserts trial counsel rendered ineffective assistance by failing to object to hearsay testimony. More specifically, appellant argues trial counsel should have objected when the prosecution introduced out-of-court statements made to a police officer by an eyewitness who lived in the same room as appellant and who said she saw appellant put a gun to the victim's head and pull the trigger; as well as out-of-court statements made to the victim's brother by several bystanders shortly after the shooting informing him that appellant and the victim had an argument and that they had been dating.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), an appellant "must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense." (Punctuation omitted.) *Washington v. State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003). If an appellant fails to meet either prong of the *Strickland* test, it is not incumbent upon this Court to examine the other prong. *Battles v. State*, 290 Ga. 226, 229 (719 SE2d 423) (2011).

At the hearing on appellant's motion for new trial, trial counsel, an experienced criminal defense attorney, explained that he did not object when the eyewitness' hearsay statements were introduced at trial because he knew the eyewitness would be testifying herself in the course of the trial and he wanted to be able to show inconsistencies in her statements. With regard to statements made to the victim's brother, trial counsel testified that he did not object because, after interviewing him, he believed he was a "loose cannon" who became less credible the more he was "allowed to ramble." Trial counsel also testified that the statements made to the victim's brother concerning the argument between appellant and the victim were not worrisome because they were simply consistent with the testimony of the eyewitnesses. Trial counsel added that it was his practice to avoid alienating the jury by objecting unnecessarily to non-detrimental evidence and making it appear that he was trying to keep information from them.

The trial court determined that trial counsel refrained from objecting to the hearsay statements as part of a deliberate trial strategy. See *Nichols v. State*, 281 Ga. 483, 485 (640 SE2d 40) (2007) (deciding what evidence to present or to forego is a matter of strategy and tactics and, if reasonable, does not constitute ineffective assistance of counsel). It also concluded that even if trial counsel had objected to the hearsay statements, it is unlikely that the outcome of appellant's trial would have been different. See generally *Terry v. State*, 284 Ga. 119 (2) (663 SE2d 704) (2008), citing *Strickland v. Washington*, supra.

In reviewing the trial court's decision, we accept its factual findings and credibility determinations unless they are clearly erroneous, and we independently apply the legal principles to these facts, *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003). We agree with the trial court that trial counsel's strategy and tactics were reasonable and that appellant failed to "overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." *Baker v. State*, 251 Ga. App. 377, 379 (2) (554 SE2d 324) (2001). Furthermore, as the trial court observed, the evidence against appellant, including the testimony of two eyewitnesses who knew appellant well and identified him as the shooter, was overwhelming. Thus, appellant cannot show it is reasonably probable that the result of the proceeding would have been different if trial counsel objected to the hearsay statements.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

Brandon Green, *pro se.*

*Robert D. James, Jr.,* District Attorney, *Deborah D. Wellborn,* Assistant District Attorney, *Samuel S. Olens,* Attorney General, *Paula K. Smith,* Senior Assistant Attorney General, *Katherine R. Thrower,* Assistant Attorney General, for appellee.