## S12A1146. WILCHER v. THE STATE.

(732 SE2d 81)

HUNSTEIN, Chief Justice.

Appellant Travis Wilcher was convicted of murder, armed robbery, and related crimes in connection with the 2007 shooting death of Tollie Mitchell. Appellant appeals the denial of his motion for new trial, asserting insufficiency of the evidence, evidentiary error, and error in the jury charge. Finding no error, we affirm.[1]

1. Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial established as follows. On May 11, 2007, Tollie Mitchell was shot while sitting in the driver's seat of his car behind a shopping mall in Augusta. When law enforcement arrived at the scene, Mitchell was already dead, having sustained fatal wounds to his head and the back of his neck. Forensic evidence indicated that Mitchell had been shot from behind at close range.

---

[1] Appellant (referred to in court documents alternatively as "Travis" and "Tavaris") and co-indictee Desmond Grissam were indicted in July 2007 by a Richmond County grand jury on charges of malice murder, felony murder (predicated on aggravated assault), armed robbery, and possession of a firearm during the commission of a felony; Appellant alone was also indicted for possession of a firearm by a first offender probationer. Following a jury trial held in March 2008, Appellant was convicted on all five counts and was sentenced to life imprisonment for murder, plus a consecutive life term for armed robbery, five consecutive years for firearm possession during a felony, and five concurrent years for the other firearm possession charge; the felony murder conviction was vacated by operation of law. Appellant filed a timely motion for new trial on March 31, 2008, which was heard in October 2009. The motion for new trial was denied on August 2, 2011. On September 26, 2011, the trial court granted Appellant's motion for out-of-time appeal, and Appellant filed his notice of appeal that same day. The case was docketed to the April 2012 term of this Court and thereafter submitted for decision on the briefs.

In a pretrial statement, an audio recording of which was played for the jury, Appellant admitted to shooting Mitchell. Appellant told police that he and Grissam had arranged to purchase drugs from Mitchell, whom they planned to rob. During the course of their drug purchase, Appellant stated, Mitchell began "talking sh__," at which point Appellant, feeling threatened, shot Mitchell in the back of the head before giving the gun to Grissam, who shot him again. At trial, however, Appellant testified that his confession had been coerced and that Grissam alone had fired the gun amidst an argument with Mitchell over a debt Grissam owed. In both accounts, however — as well as a third, different account of the crime he gave prior to his confession — Appellant admitted that only he was sitting in the back seat of the car when Mitchell was shot. Appellant also admitted that, immediately after the shooting, using a motel room key taken from Mitchell, he entered the motel room from which Mitchell was selling his drugs and stole the remaining drugs he found stashed there.

Two .380 projectiles and a .380 bullet casing were recovered from the scene, and an additional .380 bullet was recovered during the autopsy. Appellant's cousin testified at trial that he had given Appellant a .380 pistol prior to the shooting and that Appellant had returned it to him shortly after the shooting.

The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Appellant was guilty of the crimes of which he was convicted, either as the perpetrator or as a party to the crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see OCGA § 16-2-20 (parties to a crime).

2. Appellant contends that various crime scene photographs depicting the victim's body were inflammatory and lacking in probative value. We find, however, that the trial court properly admitted the photographs, which showed different angles of the scene, the position of the victim's body after the shooting, and the nature, location, and extent of the victim's wounds. See, e.g., *Smith v. State*, 280 Ga. 490 (2) (629 SE2d 816) (2006) (crime scene photographs admissible, even if duplicative and inflammatory, if they show extent and nature of victim's wounds). Appellant also challenges as prejudicial the admission of pre-autopsy photographs used during the medical examiner's testimony. Pretermitting whether this issue was properly preserved for review, there was no error in admitting these photographs of the victim's pre-incision, external injuries to assist the medical examiner in her testimony. See *Isaac v. State*, 263 Ga. 872 (3) (440 SE2d 175) (1994). Compare *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983) (photographs taken after autopsy incision are admissible only if necessary to show some material fact apparent by virtue of the incision).

3. We find no reversible error in the trial court's jury instruction on aggravated assault as the predicate felony for the felony murder charge, much less any "plain error" as would be required given Appellant's failure to object at trial to this portion of the charge. See *State v. Kelly*, 290 Ga. 29 (1) (718 SE2d 232) (2011); OCGA § 17-8-58 (b).

4. Likewise, there was no reversible error in the trial court's refusal to charge the jury on voluntary manslaughter, insofar as there was no evidence of provocation sufficient to support such a charge. See *Pulley v. State*, 291 Ga. 330 (5) (729 SE2d 338) (2012) (reaction to perceived threat does not constitute provocation necessary to support jury charge on voluntary manslaughter).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2012.

*Peter D. Johnson*, for appellant.

*R. Ashley Wright, District Attorney, Charles R. Sheppard, Madonna M. Little, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General*, for appellee.