## S12A1999. DUNN v. THE STATE.
(736 SE2d 392)

BENHAM, Justice.

Appellant Phillip Chad Dunn was convicted and sentenced for the malice murder of his wife, Shelley Dyan Dunn, and two counts of

child cruelty in the third degree. See OCGA §§ 16-5-1 (a); 16-5-70 (d) (1).[1] In his appeal from the judgment of conviction, appellant contends the trial court erred in admitting evidence of his 2011 conviction for the aggravated assault and aggravated battery of his wife, and in refusing to admit evidence of the victim's blood alcohol level at the time of her death. Finding no error, we affirm the judgment of conviction.

1. The victim died on February 15, 2010, as a result of three stab wounds she had received to her back a day earlier. Two stab wounds perforated her right lung, with one wound extending through her diaphragm into the right hepatic vein. The seven- and nine-year-old daughters of appellant and the victim testified that appellant had hurt their mother with a knife in a commercial parking lot where they had met to exchange custody of the children. The older child testified appellant had told her earlier that day that he was going to kill the victim because "she had killed him on the inside." Two men testified they were returning to their respective vehicles in the parking lot and ran to appellant's and the victim's vehicles when they heard the children screaming and saw the victim on the ground, kicking at a man identified by the witnesses as appellant, who was standing over the victim and swinging at her. After appellant was subdued by the witnesses, one of them saw a kitchen steak knife in the bed of the pickup truck in which appellant had arrived. The medical examiner who performed the autopsy of the victim testified the knife was consistent with the victim's stab wounds.

The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of malice murder and two counts of third-degree child cruelty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Walker v. State*, 290 Ga. 467 (1) (722 SE2d 72) (2012).[2]

---

[1] The aggravated assault that caused the victim's death on February 15, 2010, took place on February 14, 2010. On May 12, 2010, the Gwinnett County grand jury returned a true bill of indictment charging appellant with malice murder, felony murder (with aggravated assault serving as the predicate felony), aggravated assault, and two counts of cruelty to a child in the third degree. Appellant's trial commenced on June 13, 2011, and concluded on June 16 with the jury's return of guilty verdicts on all charges. The trial court's sentence of life imprisonment for the malice murder conviction, followed by two consecutive 12-month probated sentences for the two counts of child cruelty, was filed on July 27, 2011. The felony murder conviction was vacated by operation of law, and the aggravated assault conviction merged as a matter of fact into the malice murder conviction. Appellant's motion for new trial was filed on July 20, 2011, was amended twice by new counsel in March 2012, was the subject of a hearing on March 19, 2012, and was denied on March 30, 2012. A notice of appeal was filed timely on April 17, 2012, and the appeal was docketed to the September 2012 term of this Court upon receipt of the record on August 16, 2012. It was submitted for decision on the briefs.

[2] Third-degree child cruelty is committed when the primary aggressor intentionally allows a child under the age of 18 to witness the commission of a forcible felony, a battery, or family violence battery. OCGA § 16-5-70 (d) (1).

2. During the trial, the State presented evidence of appellant's prior conviction for aggravated assault and aggravated battery of the victim that resulted from an incident which took place two weeks before appellant fatally stabbed the victim. Appellant contends the admission of the evidence was error because it was not preceded by a hearing held pursuant to Uniform Superior Court Rules 31.1 and 31.3. Such a hearing must precede the admission of evidence of similar acts committed by the defendant, but is not required when the act in issue is a prior difficulty between the victim and appellant. *Smith v. State*, 270 Ga. 123 (2) (508 SE2d 173) (1998).

> [E]vidence of the defendant's prior acts toward the victim . . . is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.

*Wall v. State*, 269 Ga. 506, 509 (500 SE2d 904) (1998).

Appellant notes the trial court failed to give a limiting instruction on the use of evidence of prior difficulties contemporaneously with the admission of the evidence. The record reflects that no request for a contemporaneous instruction was made, and that the trial court's final instructions contained the limiting instruction. "In the absence of a request, it cannot be said that the trial court erred in failing to give contemporaneous instructions with regard to the state's evidence of prior difficulties." *Laney v. State*, 271 Ga. 194 (5) (515 SE2d 610) (1999).

3. Appellant contends the trial court erred when it refused to permit appellant to ask the autopsist about the victim's blood alcohol level at the time of her death. Appellant wished to use the evidence to support his assertion that the alcohol in the victim's system caused her to act aggressively, thereby providing the provocation necessary to reduce murder to voluntary manslaughter. See OCGA § 16-5-2 (a). Such evidence is admissible when there is competent evidence of the effect asserted to have resulted from the chemicals found in the victim's system. *McWilliams v. State*, 280 Ga. 724, 726, n. 4 (632 SE2d 127) (2006). In the case before us, appellant made a proffer of the medical examiner's testimony that the victim's blood alcohol content was 0.072 and that it was difficult to ascribe how such a concentration affected the victim because the medical examiner did not know the victim's experience with alcohol and could not tell whether it made her euphoric, aggressive, or sleepy. Compare id. In the absence of

evidence of the effect the victim's alcohol consumption had on her behavior on the day she was stabbed, the trial court properly excluded evidence of the victim's alcohol use. *Webb v. State,* 284 Ga. 122 (2) (663 SE2d 690) (2008); *Robinson v. State,* 272 Ga. 131 (3) (527 SE2d 845) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013 —
RECONSIDERATION DENIED FEBRUARY 4, 2013.

*Edwin J. Wilson,* for appellant.

*Daniel J. Porter, District Attorney, Christa L. Kirk, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General,* for appellee.