S13A0605. JOHNSON v. THE STATE.
(742 SE2d 460)

HUNSTEIN, Chief Justice.

Appellant Alana Johnson was convicted of one count of felony murder in connection with the October 2010 death of her three-year-old son, Shane Hurd. Johnson appeals the denial of her motion for

---

new trial, asserting insufficiency of the evidence, evidentiary error, and trial counsel ineffectiveness. Finding no reversible error, we affirm.[1]

Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial established as follows. On October 10, 2010, Shane died as the result of ingesting a toxic level of methadone while he was in Johnson's care. At approximately 4:30 p.m. on that day, Johnson called a nurse hotline to report that her son was unresponsive and had possibly ingested her prescribed methadone. On the nurse's instructions, Johnson called 911. Emergency responders noted upon their arrival that Shane was not breathing and that his skin was blue from lack of oxygen. After unsuccessfully attempting to perform CPR, paramedics loaded him into an ambulance for transport to the hospital. Against the paramedics' advice, Johnson declined to ride in the ambulance, opting to drive herself to the hospital, and arriving approximately 15 minutes after the ambulance arrived. Shane could not be revived and was pronounced dead at 5:35 p.m. The cause of death was determined to be a fatal dose of methadone.

Johnson gave varying accounts of the events of that afternoon in statements to emergency responders at the scene and to law enforcement officials in the hours after Shane's death. When questioned by law enforcement at the hospital, Johnson gave conflicting answers on where the methadone bottle had been stored, whether it was capped or uncapped, and how much methadone was in it at the time Shane presumably acquired it. Johnson told an investigator that she had found Shane unresponsive at 3:00 p.m., an hour and a half before her 911 call; however, in other accounts, Johnson claimed that Shane had been alert and active until approximately fifteen minutes prior to the arrival of emergency responders. Various witnesses, including the nurse who fielded Johnson's hotline call, emergency responders at the scene, and law enforcement officers at the hospital, testified that Johnson's demeanor at the time was "calm," "flat," and unemotional, even when Shane's death was confirmed.

---

[1] Johnson was indicted on May 31, 2011 in the Superior Court of Richmond County on two counts of felony murder, the first predicated on the unlawful administration of a controlled substance, and the second predicated on second degree cruelty to children. Following a jury trial held September 26-28, 2011, Johnson was acquitted on the first count, convicted on the second, and sentenced to life imprisonment. On September 29, 2011, Johnson filed a motion for new trial. Following the appointment of new appellate counsel, a hearing was held on the motion for new trial. On July 13, 2012, the motion was denied. On August 14, 2012, Johnson filed a motion for out-of-time appeal, which was granted the following day. On August 17, 2012, Johnson filed a notice of appeal directed to the Court of Appeals, which transferred the case to this Court. The case was docketed to the January 2013 term of this Court and thereafter submitted for decision on the briefs.

The emergency room physician who treated Shane testified that upon Shane's arrival at the hospital at 5:23 p.m., his body temperature was 90.5 degrees Fahrenheit, which indicated that he had already been dead for four to six hours. A paramedic testified that he administered medications to Shane which, if given shortly after an overdose, typically counteract the effects of opiates such as methadone, but which, in Shane's case, had no effect. In addition, a former boyfriend of Johnson testified that he had once observed her crushing a pill, which he later determined was Xanax, and putting it in Shane's milk bottle.

1. Though Johnson contends to the contrary, the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Johnson was guilty of felony murder predicated on second degree cruelty to children. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Second degree child cruelty is committed when "[a] person with criminal negligence causes a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-5-70 (c). Criminal negligence, in turn, is defined as "an act or failure to act which demonstrates a willful, wanton, or reckless disregard for the safety of others who might reasonably be expected to be injured thereby." OCGA § 16-2-1 (b). The jury could reasonably have concluded based on the evidence that Johnson acted with willful, wanton, or reckless disregard for her son's safety, both in failing to prevent her son from accessing her medication and in failing to seek medical treatment once it became clear he was ill. See, e.g., *Kain v. State*, 287 Ga. App. 45 (1) (650 SE2d 749) (2007) (failure to supervise child may constitute criminal negligence sufficient to sustain conviction for second degree child cruelty); *Jackson v. State*, 310 Ga. App. 476 (1) (713 SE2d 679) (2011) (affirming second degree child cruelty conviction based on failure to seek medical treatment). The jury could also reasonably conclude that such criminal negligence was the proximate cause of Shane's death. In short, the evidence was clearly sufficient to sustain Johnson's conviction. See *White v. State*, 281 Ga. 276 (1) (637 SE2d 645) (2006) (evidence sufficient to support conviction for felony murder predicated on second degree child cruelty).

2. Johnson contends that the trial court erred in allowing her former boyfriend, Dennis Tate, to testify that he witnessed Johnson put what he believed was a Xanax pill in Shane's milk bottle. At the time of trial, evidence of a defendant's prior acts toward the victim was generally admissible to prove the nature of the relationship between the defendant and the victim and to show the defendant's motive, intent, and bent of mind in committing the alleged crime.

*Dunn v. State*, 292 Ga. 359 (2) (736 SE2d 392) (2013).[2] Because the admissibility of such evidence does not depend on a showing of similarity between the prior acts and the alleged crime, Johnson's efforts to distinguish her prior conduct from the crime here are of no moment. See *Withers v. State*, 282 Ga. 656 (2) (653 SE2d 40) (2007). Tate's testimony was clearly relevant to the charge of unlawful administration of a controlled substance as well as to the criminal negligence charge, in that it showed Johnson's willingness to expose her son to dangerous prescription medication. The trial court did not abuse its discretion in admitting this testimony.

3. In her final enumeration, Johnson asserts that trial counsel rendered ineffective assistance in failing to object to (a) certain testimony by the medical examiner and (b) the admission of pre-autopsy photographs of the victim. To establish ineffective assistance of counsel, Johnson must show that counsel's performance was professionally deficient and that but for such deficient performance there is a reasonable probability that the result of her trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 695 (104 SCt 2052, 80 LE2d 674) (1984); *Wesley v. State*, 286 Ga. 355 (3) (689 SE2d 280) (2010). If Johnson fails to satisfy either the "deficient performance" or the "prejudice" prong of the *Strickland* test, this Court is not required to examine the other. See *Green v. State*, 291 Ga. 579 (2) (731 SE2d 359) (2012).

Johnson first alleges that counsel performed deficiently in failing to object when the medical examiner testified that, of the four possible manners of death recognized for vital records purposes, Shane's death qualified as a "homicide." Pretermitting whether counsel should have objected to this testimony, see *Medlock v. State*, 263 Ga. 246 (3) (430 SE2d 754) (1993), we find no prejudice in counsel's failure to do so. First, it was clear from the context that the medical examiner was testifying regarding his determination for purposes of the death certificate and was not being asked to render a legal conclusion. In addition, the medical examiner's testimony on this point was likely far less significant to the jury than the evidence of Johnson's reckless disregard for her son's well-being, including the evidence that she deferred summoning help for Shane, possibly for several hours; that she previously had allowed her son to consume dangerous prescription medication; and that she exhibited an unusually calm demeanor in the face of Shane's unresponsiveness and

---

[2] The rules for admissibility of such "prior difficulties" evidence under the new Georgia Evidence Code, effective for trials commenced on or after January 1, 2013, are codified at OCGA § 24-4-404 (b).

death. Given this quantum of unfavorable evidence, we conclude that there is not a reasonable probability that the jury's verdict would have been different in the absence of the testimony in question.

Johnson also contends that counsel was ineffective in failing to object to the introduction of pre-autopsy photographs of Shane. However, this Court has routinely found it permissible for the State to introduce pre-autopsy photographs of a murder victim, even if duplicative and possibly inflammatory, for the purpose of illustrating the cause and manner of death. See, e.g., *Wilcher v. State*, 291 Ga. 613 (2) (732 SE2d 81) (2012); *Roberts v. State*, 282 Ga. 548 (9) (651 SE2d 689) (2007). Such photographs are generally admissible even when the cause of death is not in dispute. Id.; *Meeker v. State*, 249 Ga. 780 (1) (294 SE2d 479) (1982). Here, the photographs confirmed that Shane had no external injuries and thus supported the medical examiner's testimony that the cause of death was the ingestion of methadone. Accordingly, because an objection to the photographs would not likely have been sustained, trial counsel did not render deficient performance in failing to make such an objection. See *Wesley*, 286 Ga. at 356 (3) (b) (trial counsel not ineffective for failing to make meritless objection).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2013.

*Trotter Jones, James S. V. Weston*, for appellant.
*Ashley Wright, District Attorney, Charles R. Sheppard, Titus T. Nichols, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Andrew G. Sims, Assistant Attorney General*, for appellee.