## S13A1148. BOYKINS v. THE STATE.

(751 SE2d 811)

HUNSTEIN, Justice.

Appellant Lincoln Quantavious Boykins was convicted of murder and other offenses in connection with the June 2008 shooting death of Quinton Denley.[1] Finding no error, we affirm.

1. Viewed in the light most favorable to the jury's verdicts, the evidence adduced at trial established as follows. On the afternoon of June 12, 2008, Quinton Denley was shot outside his home in a Cobb County subdivision. He died from his injuries later that day. On that same date at approximately 11:00 p.m., Faron Daniels was walking down a sidewalk in Cobb County when he was accosted by a man with a gun, who shot him three times and then fled in an awaiting vehicle. Daniels survived the attack and later identified the shooter as co-indictee Donald Hatton.

Police responding to the Daniels attack began pursuing a black Ford Escape fitting the description of the getaway car. When the police attempted to stop the car, the driver sped away. After a chase, the Escape ran off the road down an embankment, and the car's occupants, one of whom was Boykins, attempted to flee on foot. Boykins was apprehended, along with several of his companions, including Hatton and co-indictee Preston Whiting. Boykins told police at the scene that he had been in the car when Hatton jumped out and attacked Daniels. At that time, police also seized $263 in cash and a small amount of marijuana from Whiting.

On the ground in close proximity to the Escape, investigators found a .380 Lorcin semiautomatic pistol. A search of the Escape uncovered a plastic baggie containing what was later determined to be marijuana. Also found in the car was a cell phone, later confirmed as belonging to Boykins. Shell casings recovered from the scene of the

---

[1] Together with co-indictees Preston Whiting III and Donald Edward Hatton, Jr., Boykins was named in a twelve-count indictment returned by a Cobb County grand jury in September 2008. Boykins was charged with malice murder, three counts of felony murder, one count of armed robbery, two counts of firearm possession during the commission of a felony, one count of conspiracy to violate the Georgia Controlled Substances Act, one count of firearm possession by a convicted felon, and one count of aggravated assault. At the conclusion of a jury trial held in March 2009, the State agreed to enter a nolle prosequi as to the aggravated assault count, and Boykins was found guilty on all other counts. He was sentenced to life imprisonment on the malice murder count, with the three felony murder counts vacated by operation of law; twenty consecutive years on the armed robbery count; five consecutive years on one of the firearm possession counts; and various concurrent terms of years on the remaining counts which did not merge. Boykins filed a timely motion for new trial on March 25, 2009, which was amended by new appellate counsel on March 1, 2011, and which was denied on June 8, 2011. Boykins filed his notice of appeal on June 22, 2011. The appeal was docketed to the April 2013 term of this Court and was thereafter submitted for disposition on the briefs.

Daniels shooting matched the .380 Lorcin recovered from the Escape. That same gun was also matched with the single shell casing found at the scene of the Denley shooting and the projectile recovered from Denley's body during his autopsy.

Boykins' cell phone's call log for June 12, 2008 revealed numerous communications with a number later linked to Constance Jackson, who testified that she had been attempting to help Boykins find someone to sell him marijuana on that date. Trial testimony established that Denley kept marijuana at his home. There was also evidence that Denley's living room, which according to his housemate was usually neat and tidy, was in disarray when police arrived at the scene. A relative of Denley later reported that a large amount of cash was missing from Denley's home after the shooting.

In post-arrest statements, Boykins admitted that the gun belonged to him and that he had been present when Denley was shot, but he denied being the shooter. Boykins claimed that he and Whiting had gone to Denley's house to buy four pounds of marijuana and that Whiting shot Denley on his front porch and took money and marijuana from Denley's pockets.

Witness Theodore Day testified that, on the day of the shooting, he drove Boykins, Whiting, and Hatton to a Cobb County subdivision. According to Day, he let Boykins and Whiting out of the car at their request, the two men disappeared on foot, and a few minutes later the two came running back to the car from different directions looking startled, jumped in the car, and urged Day to "get the hell up out of here." Day testified that, when Boykins returned to the car, he was carrying a Ziplock bag and also had a noticeable "bulge" in his pants, though Day never saw a gun.

In his defense, Boykins called as a witness his former girlfriend, who testified that Boykins had been with her at the time the Denley murder took place.

The evidence as set forth above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Boykins was guilty, either as principal or accomplice, of all the crimes of which he was convicted, *Jackson v. Virginia,* 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); see also OCGA § 16-2-20 (parties to a crime).

2. In his sole enumeration of error, Boykins contends that his trial counsel rendered ineffective assistance by unreasonably relying on an alibi defense rather than on a mental health defense. To establish ineffective assistance of counsel, a defendant must show that his trial counsel's performance was professionally deficient and that but for such deficient performance there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington,* 466 U. S. 668, 695 (104 SCt 2052, 80 LE2d 674)

(1984); *Wesley v. State*, 286 Ga. 355 (3) (689 SE2d 280) (2010). If the defendant fails to satisfy either the "deficient performance" or the "prejudice" prong of the *Strickland* test, this Court is not required to examine the other. See *Green v. State*, 291 Ga. 579 (2) (731 SE2d 359) (2012).

At the new trial hearing, Boykins' trial counsel testified that the defense's primary strategy, developed in consultation with Boykins, was to rely on his alibi. In support of the alibi defense, Boykins presented the testimony of his former girlfriend, Kendra Pates, who defense counsel believed was a credible witness. Pates testified that she had been with Boykins during the entire time interval in which the Denley murder took place and also testified about two photographs of Boykins she took on her cell phone, whose date and time stamps apparently reflected that they had been taken during that interval.

Regarding a possible mental health defense, the record reflects that trial counsel did extensively investigate Boykins' mental health problems but ultimately concluded that the alibi defense, combined with a focus on inconsistencies in the State's evidence, was stronger. Because an insanity defense would have required Boykins to admit to committing the criminal acts, he could not simultaneously assert it and a credible alibi defense. In addition, the record reflects that trial counsel did attempt to use what little mental health evidence the trial court allowed in, as a means of suggesting why the jury should disbelieve Boykins' inculpatory statements to police.

"In general, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Jackson v. State*, 281 Ga. 705, 708 (6) (642 SE2d 656) (2007). Here, the record reflects that trial counsel made a strategic decision to proceed on what he reasonably believed was a credible alibi defense. We cannot conclude that such a strategy fell below reasonable professional norms, and therefore Boykins' ineffectiveness claim must fail.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 2013.

*Richard O. Allen,* for appellant.

*D. Victor Reynolds, District Attorney, John R. Edwards, Grady A. Moore, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General, for appellee.*