297 Ga. 180
FINAL COPY

S15A0040.  TRIMBLE v. THE STATE.

HUNSTEIN, Justice.

Appellant Mack Trimble was convicted of felony murder and related offenses in connection with the June 2005 shooting death of Cegi Hall.  Trimble now appeals, contending the evidence supports a finding of voluntary manslaughter rather than felony murder and asserting several enumerations of trial error and ineffective assistance of counsel.  Finding no error, we affirm.[1]

Viewed in the light most favorable to the jury's verdicts, the evidence adduced at trial established as follows.  On June 5, 2005, Trimble killed Cegi

---

[1] Trimble was indicted in September 2005 by a Colquitt County grand jury for felony murder, aggravated assault, two counts of possession of a firearm during the commission of a crime, and one count of firearm possession by a convicted felon.  At the conclusion of a jury trial in 2006, Trimble was convicted on all counts and sentenced to a term of life plus fifteen years in prison.  In October 2009, however, the trial court granted Trimble's motion for new trial due to a juror's failure to answer honestly a material question on voir dire.  Trimble was re-tried in November 2011 and again convicted on all counts; he was sentenced to life plus two consecutive five-year terms.  Trimble filed a timely motion for new trial on December 16, 2011, which he amended through new appellate counsel in October 2013.  Following a hearing, the trial court denied the motion for new trial in an order entered on June 30, 2014.  Trimble filed a notice of appeal on July 25, 2014.  The appeal was docketed to the January 2015 term of this Court and was thereafter submitted for decision on the briefs.

Hall, his on-again, off-again girlfriend and the mother of his child. On the night of the incident, Trimble and the victim were at a social gathering and began arguing. Witnesses described seeing Trimble and the victim arguing and "tussling" and then hearing gunshots, after which the victim began running away and Trimble fired another shot, knocking the victim to the ground. Trimble walked over to the victim, put the gun to his head, fired a final shot in the air, and ran away. The victim was taken to the hospital, where she died of her injuries.

A short time later, Trimble turned himself in at the county jail, telling the jail staff that he had just killed someone. In a statement to police, Trimble admitted that, after an initial unpleasant exchange with the victim that evening, he had retrieved a gun and returned to the gathering; the two resumed arguing, and at that point, Trimble stated, "I just pulled the gun out and I shot her." After firing two initial shots, Trimble further recounted, he struggled with the victim for the gun, the victim started running away, and he shot her again. In the aftermath of the shooting, Trimble also admitted both to his own mother and to Hall's mother that he had shot the victim.

At trial, Trimble testified in his own defense, describing the turbulent

nature of his and Hall's troubled relationship. Trimble testified that Hall was several years older than he, that the two had begun dating when he was 17, and that she was verbally abusive toward him. He also testified that, when she became pregnant with their first child, she failed to inform him and moved out of state until after the baby was born. After her return, they resumed their relationship, and in November 2004, Hall informed Trimble that she was again pregnant. Within weeks, the victim indicated her intention to have an abortion and, despite Trimble's attempts to dissuade her, she did so in January 2005. Immediately prior to the shooting, Trimble testified, Hall had berated him, telling him that she was glad she had gone through with the abortion and sorry she had ever had a child with him.

1. The evidence as summarized above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Trimble was guilty of the crimes of which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Though Trimble contends that the evidence supported a conviction for voluntary manslaughter rather than felony murder because the victim had provoked him in the moments before he shot her, this issue was within the purview of the jury. See Sewell v. State, 283 Ga. 558 (1)

3

(662 SE2d 537) (2008). Having been properly instructed regarding the lesser included offense and offered the option on the special verdict form of finding Trimble guilty of voluntary manslaughter, the jury acted within its discretion in rejecting Trimble's claim of mitigating provocation. See id. at 559-560.

2. Trimble next contends that the trial court erred, following its grant of a new trial, in refusing to conduct a second Jackson-Denno[2] hearing to consider anew the admissibility of Trimble's custodial statement. It is undisputed that the trial court held a Jackson-Denno[2] hearing prior to the first trial, at which several witnesses testified, and after which the trial court held Trimble's statement to have been voluntary and therefore admissible at trial. Trimble does not challenge that ruling directly, but instead suggests that the grant of a new trial requires a fresh assessment of his custodial statement under OCGA § 5-5-48.[3] Contrary to Trimble's assertion, OCGA § 5-5-48 does not require de novo reconsideration of rulings made prior to the first trial, particularly where, as

---

[2] Jackson v. Denno, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

[3] That Code section provides, "[w]hen a new trial has been granted by the court, the case shall be placed on the docket for trial as though no trial had been had, subject to the rules for continuances provided in this Code."

here, there is no contention that additional evidence or changed circumstances would justify altering the prior ruling. This enumeration is without merit.

3. Trimble next contends that the trial court erred in failing to rule on his motion to quash the indictment on the ground that one of the grand jurors was a relative of the victim. This enumeration fails, not only because of a lack of evidence that the grand juror in question was actually related to the victim, but also because "the trial jury's verdict of guilt beyond a reasonable doubt demonstrates that there was probable cause to charge the defendant [and] [t]herefore, any possible error was harmless." Sallie v. State, 276 Ga. 506, 514 (14) (578 SE2d 444) (2003).

4. As to Trimble's claim that the trial court erred in allowing the testimony of an assistant district attorney who had assisted the prosecution at Trimble's first trial, Trimble failed to object to such testimony, and therefore this issue was not preserved for appellate review. See Babbage v. State, 296 Ga. 364 (4) (768 SE2d 461) (2015).

5. In his final enumeration, Trimble contends his trial counsel rendered ineffective assistance. To establish ineffective assistance of counsel, a defendant must show that (1) his trial counsel's performance was professionally

deficient and (2) but for such deficient performance there is a reasonable probability that the result of the trial would have been different. Strickland v. Washington, 466 U. S. 668, 695 (104 SCt 2052, 80 LE2d 674) (1984); Wesley v. State, 286 Ga. 355 (3) (689 SE2d 280) (2010). Failure to prove either prong of the Strickland test is fatal to an appellant's ineffectiveness claim. See Green v. State, 291 Ga. 579 (2) (731 SE2d 359) (2012).

(a) Trimble first claims that trial counsel performed deficiently by failing to present evidence that he was overcome by a violent rage when Hall brought up the subject of the abortion. Trimble assails in particular counsel's failure to identify the specific abortion clinic that performed the procedure. However, the record reflects that counsel did adduce testimony from Trimble and other defense witnesses regarding how upset he was about the abortion and specifically adduced testimony from Trimble that he had "flipped out" when the victim provoked him on the night of the shooting. In addition, Trimble fails to establish how identifying the abortion clinic would have bolstered his provocation theory, as there was no dispute that Hall had had an abortion or that Trimble knew and was upset about it. Trimble has thus failed to show either deficient performance or prejudice in this regard.

(b) Trimble also contends that trial counsel rendered ineffective assistance in failing to pursue the motion to quash the indictment based on the alleged familial relationship between a grand juror and the victim. As noted in Division 3, however, there was no merit to the motion to quash, and trial counsel cannot be held ineffective for failing to pursue a meritless motion. See Durden v. State, 293 Ga. 89 (6) (a) (744 SE2d 9) (2013), overruled on other grounds by Jeffrey v. State, 296 Ga. 713 (3) (770 SE2d 585) (2015).

Judgment affirmed. All the Justices concur.

Decided June 1, 2015.

Murder. Colquitt Superior Court. Before Judge Tunison.

Anderson & Bradley, Nancy L. Anderson, Latesha Y. Bradley, for appellant.

J. Daivd Miller, District Attorney, Harriet M. Thomas, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.