**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 28, 2016**

# In the Court of Appeals of Georgia

A16A0864. ALI v. THE STATE.

McMILLIAN, Judge.

Abdur-Raheem Haneef Ali appeals the trial court's denial of his motion for new trial after a jury convicted him of two counts of armed robbery.[1] In his sole enumeration of error on appeal, Ali argues that he received ineffective assistance of counsel because his trial attorney failed to thoroughly cross-examine a State's witness regarding his plea to lesser charges in connection with the crimes in this case. We affirm for the reasons set forth below.

The evidence at trial showed that on the afternoon of December 18, 2012, Ali was a passenger in a car with four to five other people, when some of the occupants

---

[1] Ali was also charged with one count of robbery, but the jury acquitted him of that charge.

of the car engaged in an altercation with three skateboarders after they asked to borrow a cell phone from the skateboarders. Later that afternoon, the skateboarders saw the car again at a friend's apartment building. One of the passengers in the car stepped out of the car with a gun, walked straight toward one of the skateboarders, and then turned to the other two skateboarders and demanded their cell phones. After taking the cell phones, the man and his companions fled in their car. The skateboarders got the car's tag number and reported the incident to police. Ali later admitted to police that he had served as the lookout for this robbery and admitted being in the car with the others when the robbery was planned.

The next day, another victim was standing outside his workplace when two men came up and asked to borrow his cell phone. As he handed his phone over, one of the men snatched his phone and ran off. The victim ran after the man who snatched his phone, and after the men got into a car, he chased the car. The victim's co-worker wrote down the car's license plate number, which was later relayed to police.

The description of the vehicle and the tag number given by the victim and his co-worker matched the tag number and description of the car involved in the robbery of the skateboarders. Police later located the owner of the car, Harra Oumer, who testified at trial that Ali had been in the car when he and the other occupants of the

2

car discussed finding someone to rob on December 18, 2012. He said that Ali had also been present during the altercation and later robbery of the skateboarders that day. Oumer further testified that Ali, three other people, and he had gone to the mall where the victim worked on December 19, 2012, to look for someone to rob. He said that Ali and another man got out of the car, while he and two others waited in the car. A short time later, Ali and the other man ran and jumped in the car, and when Ali got in the car, he had a cell phone in his hand, which he kept.[2]

Ali argues on appeal that he received ineffective assistance of counsel because his trial attorney failed to cross-examine Oumer regarding the minimum sentence he avoided when he pled guilty to reduced charges. To establish his claim of ineffective assistance of counsel, Ali must demonstrate that his trial counsel's performance "was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different." (Citation omitted.) *Ford v. State*, 298 Ga. 560, 566 (8) (783 SE2d 906) (2016). If the defendant fails to prove either of these factors, this Court is not required to examine the other. See *Green v. State*, 291 Ga. 579, 580 (2)

_____

[2] Ali does not dispute that the evidence at trial was sufficient to support his convictions.

(731 SE2d 359) (2012). Moreover, "[a] strong presumption exists that counsel's conduct falls within the broad range of professional conduct." (Citation omitted.) Id. Moreover, "[t]rial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation and punctuation omitted.) *Silvey v. State*, 335 Ga. App. 383, 397 (3) (b) (iii) (780 SE2d 708) (2015). And "decisions about what questions to ask on cross-examination are quintessential trial strategy and will rarely constitute ineffective assistance of counsel. In particular, whether to impeach prosecution witnesses and how to do so are tactical decisions." (Citation and punctuation omitted.) *Edwards v. State*, 299 Ga. 20, 24 (2) (785 SE2d 869) (2016).

The evidence at trial showed that Oumer pled guilty to three counts of robbery in connection with the two robberies in this case, for which he received a sentence of five years confinement, followed by five years probation. Ali's trial counsel did not cross-examine Oumer regarding this plea at trial. At the hearing on Ali's motion for new trial, Ali's trial counsel stated that he did not know that he could have impeached Oumer on the mandatory minimum sentence for armed robbery he avoided by entering a guilty plea to three counts of the lesser included offense of robbery. See

4

OCGA § 17-10-6.1 (b) (1) (imposing "a mandatory minimum term of ten years" for armed robbery, no portion of which "shall be suspended, stayed, probated, deferred, or withheld by the sentencing court"). He stated that if that were true and if he thought that Oumer had been given some promise by the State in exchange for his testimony, he would have "brought that up."

Pretermitting whether counsel's performance was deficient, we find that Ali has failed to show that but for counsel's errors, a reasonable probability exists that the outcome of the trial would have been different if his counsel had questioned Oumer about his sentence. Oumer testified at trial that he had been given no promises in exchange for talking to police, and trial counsel acknowledged that the evidence showed there had been no deals with Oumer in exchange for his testimony. And Ali admitted acting as a lookout for the robbery and being in the car when the robbery was planned. Moreover, Ali's trial counsel stated that Oumer's testimony was, in fact, helpful because he stated that another of the men involved in the crime was the ringleader, which tallied with Ali's two-prong defense that (1) Ali did not know the crime was going to take place until it started happening and (2) this other man forced Ali to go along with the crime once it began.

5

Based on this evidence, we find that Ali has failed to carry his burden to show that he was prejudiced by his trial counsel's failure to impeach Oumer regarding the mandatory minimum sentence he avoided, and thus his claim of ineffective assistance of counsel fails. See *Starling v. State*, 299 Ga. 263, 265 (2) (787 SE2d 705) (2016) (even assuming arguendo trial counsel's performance was deficient, claim of ineffective assistance of counsel fails where defendant failed to establish any resulting prejudice); *Wilhite v. State*, 337 Ga. App. 324, 327 (1) (c) (787 SE2d 293) (2016) (same).

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*