**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY, and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 8, 2015**

# In the Court of Appeals of Georgia

A15A0610. POWELL v. THE STATE.

BARNES, Presiding Judge.

A jury acquitted Evelyn Powell of aggravated assault with a knife but convicted her of family violence battery, family violence terroristic threats and two counts of cruelty to children in the third degree for having committed aggravated assault and battery in the presence of a minor. On appeal, she argues that the trial court erred in allowing the State to introduce similar transaction evidence and that the error was not harmless. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, the evidence at trial showed that the 13-year-old victim, her 16-year-old sister, and her 19-year-old sister and her baby lived with their grandparents, Powell and her husband, along with other family members. On the day of the incident that led to the charges against Powell, Powell became angry when the victim would not give her letters addressed to other family members. Powell followed the victim into her bedroom, grabbed her shirt, "jacked

[her] up," and scratched her neck. The victim got loose and Powell started to walk away, then turned and shoved the victim into a wall. One of the victim's sisters heard a "boom" and came out of her bathroom to find the victim sitting on the floor crying. Powell went into the kitchen, grabbed a knife, and came toward the victim with it while threatening to kill her. Another sister came out of her room and asked Powell why she was chasing the victim with a knife, and Powell said, "I'm going to kill you, bitch."

The victim and her sisters all testified that Powell had previously threatened the victim with a knife whenever she became angry, which was often. Powell also accused the victim and her sisters of having inappropriate relations with their grandfather, Powell's husband, when she was mad. Shortly before this incident, Powell came up behind the victim while she was washing dishes and poked her in the back and leg with a knife because she was angry about something, and the victim went into her sister's room to get away.

A patrol officer responded to the call about a domestic dispute. The victim had been crying, was shaking, and had "a huge knot on her forehead over her right eye." Powell said she pushed the victim because she refused to be disrespected, but denied pushing her into a wall. She also denied threatening the victim with a knife,

explaining to an investigator that she had been in her bedroom cutting up onions for her soup and stood up holding the knife when she overheard someone talking about her.

Powell's daughter testified that she called the police on a different occasion because her mother was drunk and throwing things in the kitchen. The responding officer testified that the kitchen was in disarray and the daughter said Powell had pulled a knife on her. Powell would not talk to the officers and began disrobing so they would leave the room. As the officers stood in the front room, the daughter told them that if Powell came at her with a knife again, she was going "to do what I've got to do," and Powell came into the room and said, "Well, I'll kill her." Once the officers decided to take Powell into custody, the daughter became very uncooperative, and at trial she denied telling the officer that Powell had pulled a knife and threatened to kill her.

1. While Powell did not assert on appeal that the evidence was insufficient to sustain her conviction, the evidence as outlined above was sufficient to authorize the jury to find her guilty of family violence simple battery, terroristic threats, and cruelty to children in the third degree. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); *Holsey v. State*, 316 Ga. App. 801, 803-804 (1) (729 SE2d 465)

(2012); *Simmons v. State*, 285 Ga. App. 129, 130 (645 SE2d 622) (2007); *Price v. State*, 281 Ga. App. 844, 845 (1) (637 SE2d 468) (2006).

2. Powell contends that the trial court erred in allowing the State to introduce the similar transaction evidence, arguing that the evidence was not probative of any of the issues it was admitted to prove, and that any probative value was far outweighed by its prejudicial effect.

The State filed a motion to present similar transaction evidence that Powell pled guilty in 1999 to simple assault for throwing a ceramic plate of hot spaghetti at her husband, and Powell filed a motion in limine to keep out any evidence regarding an altercation between Powell and the victim two days before the one that resulted in the charges being tried. After a hearing on the motions, the trial court issued an order granting the State's motion and denying Powell's, finding the evidence admissible to show intent, lack of mistake, and motive. Powell's husband declined to testify, relying on marital privilege and the State did not present evidence regarding the 1999 simple assault. It did introduce evidence that Powell poked the victim with a knife a few days before the July 2010 incident for which she was on trial and that she had threatened her daughter with a knife and been arrested for it in March 2013.

4

Because Powell's trial was held after January 1, 2013, Georgia's new Evidence Code governs this contention. OCGA § 24-4-404 (b) of the new Code provides:

> Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. …

Moreover, under OCGA § 24-4-403, "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Evidence of other crimes and acts is admissible if it meets three criteria: "(1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; (3) the government must offer sufficient proof so that the jury could find that defendant committed the act." *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015). We will affirm a trial court's decision to admit evidence under OCGA § 24-4-404 absent "a clear abuse of discretion." Id.

a. Powell argues that there was no probative value in the evidence of other acts because it was not relevant to show her intent, lack of mistake, or motive. With regard to intent, the State must always prove the intent of a defendant who pleads not guilty. "[A]bsent affirmative steps by the defendant to remove intent as an issue," if the state of mind required for both the charged offenses and the other act are the same, [the other act is relevant] and the first prong is met. *Bradshaw*, 296 Ga. at 656-657 (3). Further, Powell told the investigator that she just stood up with the knife in her hand while cutting onions, which would suggest a lack of intent that the State was entitled to rebut. Here, the charged offenses of battery and terroristic threats and the other acts "involve the same mental state and appellant did not take steps to remove intent as an issue, evidence of the [prior acts] was relevant to establish [her] intent. Id. at 657. And as the evidence was admissible to prove intent, we need not consider whether it was also admissible for other reasons.

b. Under the revised code, "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice," and Powell argues that even if the other acts evidence here was relevant, it should have been excluded as too prejudicial. She contends that because the other acts were exactly the same crime she was accused of here — threatening to kill someone with a knife —

6

evidence about them was only probative of a propensity for doing that exact thing. Therefore, she concludes, the risk was great that the jury would judge her on her character for threatening family members with knives instead of on her actions in this case, and the trial court abused its discretion in allowing the evidence.

Our Supreme Court has quoted with approval cases from the United States Court of Appeals for the Eleventh Circuit holding that a trial court's discretion to exclude evidence of other acts because of undue prejudice "is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." (Citation and punctuation omitted.) *Bradshaw*, 296 Ga. at 658. Balancing the prejudicial effect against the probative value "lies within the discretion of the [trial] court and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." (Citation and punctuation omitted.) *Bradshaw*, 296 Ga. at 657-658 (3).

Further, the trial court gave the jury limiting instructions before Powell's daughter testified about the March 2013 incident, charging the jury that to prove that Powell committed the charged offenses, the State was required to show intent, to negate or disprove mistake, and was allowed to show motive. The court further

instructed the jury that it was "permitted to consider the evidence only insofar as it may relate to those issues and not for any other purpose. You may not infer from such evidence that the defendant is of a character that will commit such crimes." In its final instructions to the jury, the court gave a lengthy charge on the limited use for which the jury could consider the evidence of other acts.

Here, "[t]he similarity between the two crimes and the facts relating thereto make the former [act] highly probative of the defendant's intent," and "the risk of undue prejudice to [Powell] was reduced by the court's limiting instruction." *U.S. v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). Given the circumstances, we cannot say that the trial court abused its discretion in finding that the probative value of the similar transaction evidence was not substantially outweighed by its prejudicial effect.

*Judgment affirmed. Ray and McMillian, JJ., concur.*