**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 18, 2018**

# In the Court of Appeals of Georgia

A18A1254. THOMPSON v. THE STATE.

BETHEL, Judge.

Antonio Thompson appeals from the denial of his motion for new trial following his convictions for trafficking in cocaine, possession of cocaine with intent to distribute, possession of a Schedule I controlled substance with intent to distribute, and possession of marijuana with intent to distribute. In his sole enumeration of error, Thompson argues that the trial court erred by permitting the State to introduce evidence of certain of Thompson's prior criminal acts pursuant to Rule 404 (b). Although we agree that the trial court erred by admitting such evidence, in light of the overwhelming evidence of guilt presented at trial, we find that such error was harmless. We therefore affirm the denial of Thompson's motion for new trial.

OCGA § 24-4-404 (b) provides

Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The prosecution in a criminal proceeding shall provide reasonable notice to the defense in advance of trial, unless pretrial notice is excused by the court upon good cause shown, of the general nature of any such evidence it intends to introduce at trial. Notice shall not be required when the evidence of prior crimes, wrongs, or acts is offered to prove the circumstances immediately surrounding the charged crime, motive, or prior difficulties between the accused and the alleged victim.

This Court reviews the admission of evidence pursuant to Rule 404 (b) for a clear abuse of discretion. *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015).

As the Supreme Court discussed in *Bradshaw*, admissibility of evidence of other crimes and acts under Rule 404 (b) is determined by applying the following three-part test:

(1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; (3) the government must offer sufficient proof so that the jury could find that defendant committed the act.

*Bradshaw*, 296 Ga. at 656 (3) (citation omitted).

Here, in addition to evidence of other prior drug convictions, the State sought to introduce evidence that in 2001, Thompson was convicted of possession of cocaine with intent to distribute and obstruction. The State also sought to introduce evidence of the circumstances of the 2000 arrest which led to those convictions; specifically, the State sought to introduce testimony from the arresting officer regarding Thompson's obstructive and violent conduct once police confronted and attempted to arrest him. Over Thompson's objection, the trial court ruled that this evidence could be introduced with the purpose of demonstrating Thompson's intent and the absence of mistake or accident.

At trial, the State called the officer who arrested Thompson in 2000. The officer testified that on the date of the arrest he was on patrol near a crowd of people at a festival on Tybee Island. At that time, he observed what he believed to be a drug transaction involving Thompson. Thompson began to walk away when he was alerted to the officer's presence, and the officer followed him. The officer eventually began to run and chase Thompson. Upon reaching him, the officer and Thompson engaged in a "street fight" in which Thompson was ultimately subdued with the help of two additional police officers. During that altercation, Thompson called out to the crowd, asking for help. As Thompson was being taken into custody, one of the assisting

3

officers displayed his pepper spray in order to maintain order and keep bystanders away. The officers located contraband on Thompson's person. From this incident, Thompson was convicted in 2001 of possession of cocaine with intent to distribute, felony obstruction, and misdemeanor obstruction.

While Thompson does not appear to challenge the introduction of the evidence of his prior conviction for possession with intent to distribute, he now argues that permitting the jury to hear evidence of the circumstances surrounding his 2000 arrest and his convictions for obstruction violated Rule 404 (b)'s prohibition on the introduction of character evidence. We agree.

In the present case, while Thompson was charged with a variety of drug offenses, he was not charged with obstruction or any similar offense. Nor does the record reflect that his arrest for these offenses involved any type of violent conduct or obstructive behavior.[1] Thus, even though the trial court was within its discretion to admit evidence of his cocaine conviction and the officer's testimony that he witnessed Thompson engage in a hand-to-hand cocaine transaction, it abused its discretion when it allowed the State's witness to testify regarding the ensuing pursuit

---

[1] In contrast, the testimony of the arresting officers at trial suggested that Thompson did not behave violently, did not attempt to flee, and was cooperative during his arrest.

and altercation and the obstruction convictions stemming from it. That evidence did not yield any information which would allow the jury to assess his intent or the absence of mistake or accident regarding the drug charges against him in this case and was not otherwise relevant to any issue in the case. *Cf. Booth v. State*, 301 Ga. 678, 681-86 (3) (804 SE2d 104) (2017) (evidence of prior conviction for family violence battery relevant to prove intent to commit aggravated assault against domestic partner); *State v. Jones*, 297 Ga. 156, 159-63 (2) (773 SE2d 170) (2015) (evidence of prior DUI conviction relevant to show defendant's intent to drive under influence of alcohol in current prosecution for DUI); *Powell v. State*, 332 Ga. App. 437, 439-40 (2) (773 SE2d 399) (2015) (evidence of defendant's prior conviction for assault and altercation with victim days before charged offense relevant to show defendant's intent in prosecution for battery and terroristic threats). The trial court thus abused its discretion in permitting the State to introduce such evidence.

However, in this case we find such error to be harmless.

In determining whether trial court error was harmless, we review the record de novo, and we weigh the evidence as we would expect reasonable jurors to have done so as opposed to viewing it all in the light most favorable to the jury's verdict. If it is highly probable that the error did not contribute to the verdict, then the error is harmless and the conviction will stand.

*Fletcher v. State*, 303 Ga. 43, 47 (II) (810 SE2d 101) (2018) (citations omitted) In this case, despite the trial court's erroneous ruling admitting evidence of Thompson's violent and obstructive behavior during his 2000 arrest and his resulting convictions for obstruction, the State presented overwhelming evidence that Thompson committed the charged offenses in this case.

The evidence at trial showed that the present case arose from a traffic stop. As the officer approached Thompson's vehicle, Thompson opened his door. The officer smelled a "pretty strong" odor of burned marijuana coming from the car. A second officer arrived on the scene and approached Thompson's vehicle. That officer also noted a "strong odor of marijuana" coming from the vehicle. Thompson was asked to exit the vehicle, and after running Thompson's license plate and driver's license, the officers searched Thompson's vehicle. They located a blue medical bag in the back seat, which contained a digital scale, a phone, 50.2 grams of cocaine, 114.6 grams of marijuana, and 43 pills which contained methylone (a/k/a "Molly" or "Ecstasy"). A portion of the substances were packaged in smaller bags, which testimony at trial established was consistent with intent to distribute. The officers also searched Thompson's person and found $436.00 in different-denomination bills and a second phone. The evidence established that drug dealers are commonly in

6

possession of a large number of small-denomination bills and multiple cell phones. The officers also later discovered that the vehicle Thompson was driving was rented in his girlfriend's name. The evidence established that it is a common practice for drug dealers run their operations from rented vehicles. The State also presented evidence of Thompson's prior drug convictions.[2] Thompson called no witnesses and did not testify. In its opening statement and closing argument, the State referred to the testimony and evidence regarding Thompson's prior drug convictions, but it did not refer to the testimony regarding the circumstances of Thompson's 2000 arrest or his 2001 conviction for obstruction.

In light of the evidence presented by the State, we find that the erroneous admission of the evidence regarding the circumstances of Thompson's 2000 arrest and 2001 convictions for obstruction was harmless as it was highly unlikely that the State's presentation of evidence regarding the incident and conviction contributed to the jury's verdict. *See Fletcher*, 303 Ga. at 47 (II) ("Considering the quantity and strength of the evidence against [the defendant], it is highly probable that any error

---

[2] In conjunction with the introduction of this evidence by the State, the trial court issued a limiting instruction to the jury noting that the evidence of Thompson's other acts and crimes could only be considered for purposes of Thompson's intent with regard to the charged offenses.

in admitting these 'other acts' did not contribute to the verdict, especially considering that other evidence also showed the jury that [the defendant] was involved in drug dealing.") *Cf. Sanchez-Villa v. State*, 341 Ga. App. 264, 273-74 (1) (b) (799 SE2d 364) (2017) (multiple references in State's closing argument to, among other things, erroneously admitted evidence of prior acts contributed to harm); *Amey v. State*, 331 Ga. App. 244, 253 (1) (d) (770 SE2d 321) (2015) (evidence not overwhelming where identification of defendant was uncertain and physical evidence of the crime was not recovered from the defendant). We therefore affirm the trial court's denial of Thompson's motion for a new trial.[3]

*Judgment affirmed. Ellington, P. J., and Gobeil, J., concur*.

---

[3] We question the need for the State to have introduced the evidence at issue in this appeal. The record reflects that several other of Thompson's prior drug convictions were presented to the jury through documentary evidence alone and that documentary evidence of Thompson's 2001 convictions was also available. The record thus suggests that the need for *testimony* about the circumstances of Thompson's 2000 arrest was minimal and that the State's decision to elicit testimony regarding the incident was gratuitous and unnecessary. Moreover, in light of the physical evidence of Thompson's guilt in the State's possession in the case at bar, the decision to introduce testimony of the 2000 arrest needlessly jeopardized the State's case and risked potential reversal on appeal.