**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 16, 2015**

# In the Court of Appeals of Georgia

A15A0097. LOPEZ v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Salvador Lopez was convicted of aggravated stalking for violating a restraining order for the purpose of harassing and intimidating the victim by following her to her home and calling the police to stop her vehicle. He appeals, challenging the admission of testimony from the victim concerning prior acts of violence and the effectiveness of his trial counsel. However, Lopez did not object to the victim's testimony and thus waived that issue, and he has not shown that his trial counsel's performance was deficient. Accordingly, we affirm.

At trial, the state presented evidence showing that Lopez and the victim began living together in 1989 and married in 1991. The victim testified about violence throughout their relationship, describing numerous incidents of Lopez beating her,

kicking her, pulling her hair, cursing at her, and threatening to kill her with a knife and by strangulation. The couple separated, and after an incident in 2011 when Lopez returned to his estranged wife's home and beat her, she obtained a protective order against him.

In May 2012, the victim was outside her house when Lopez drove by and yelled, "Hey, whore!" Two days later, the victim was driving in the parking lot of a grocery store when she noticed that Lopez was following her. She left the parking lot and tried to lose Lopez, but he continued to pursue her. The victim could hear other drivers honk their horns at him as he drove erratically behind her. As Lopez followed the victim, he called 911 and made an unsubstantiated report that a person wanted by the police was in his wife's vehicle. An officer subsequently arrived at the victim's home, where she explained that she had a protective order against Lopez. Shortly after Lopez was arrested for aggravated stalking, he called his wife from jail and threatened that she would be seeing him again.

1. *Prior bad acts evidence.*

Lopez complains that the trial court erred in allowing the victim to testify about prior bad acts committed by him because the state failed to give notice of its intent to introduce such evidence as required by OCGA § 24-4-404 (b). However, as Lopez

2

acknowledges in his brief, he failed to raise any such objection at trial. "The failure to make a timely and specific objection is treated as a waiver. Accordingly, [Lopez] has not preserved this issue for appeal." *Heard v. State*, 296 Ga. 681, 686 (4) (769 SE2d 917) (2015) (citations and punctuation omitted).

2. *Ineffective assistance of counsel.*

Lopez claims that his trial counsel was ineffective in failing to raise a lack of notice objection to the prior bad acts evidence mentioned above in Division 1. In order to succeed on his ineffective assistance of counsel claim, Lopez must show, under the standard set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), "both that his trial counsel's performance was deficient and [prejudicial in] that there is a reasonable probability that the trial result would have been different if not for the deficient performance. If [he] fails to meet his . . . burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong." *Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012) (citations omitted). Here, Lopez has not shown that counsel's performance was deficient.

The evidence that Lopez complains of occurred when the victim, while describing the history of violence in their relationship, testified about two incidents

3

when Lopez attacked her after she had tried to break up fights. She testified that Lopez first hit her in the face shortly after they had begun living together when she intervened in a fight between Lopez and his family member or friend whom she did not know. She also described an incident in 1994 when she tried to break up a fight between her brother and Lopez, after which Lopez grabbed her hair, shoved her against a table, threw a knife at her and threatened to kill her.

Contrary to Lopez's argument, the victim's testimony was not introduced as evidence of prior bad acts by him against third parties. Rather, the testimony constituted evidence of prior difficulties between Lopez and the victim. "Notice shall not be required" for such evidence of "prior difficulties between the accused and the alleged victim." OCGA § 24-4-404 (b). And this type of prior difficulties evidence is admissible in an aggravated stalking case, where the state must show that the "indicted act was committed for the purpose of harassment and intimidation, an essential element of stalking." *Benton v. State*, 256 Ga. App. 620, 622 (2) (a) (568 SE2d 770) (2002). See OCGA § 16-5-90 (a) (1) ("harassing and intimidating" element of stalking means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for safety); *Phillips v. State*, 278 Ga App. 198, 200 (1) (628 SE2d 631) (2006)

4

(evidence of prior incidents of physical violence and threats by defendant against victim supported jury finding that the indicted acts were intended to harass and intimidate the victim, who was reasonably placed in fear for her safety).

Moreover, such "[e]vidence that is otherwise relevant or material to the issues in a criminal case does not become inadmissible simply because it concerns separate offenses, or because it incidentally puts a criminal defendant's character or reputation in evidence." *Tela v. State*, 320 Ga. App. 465, 468 (1) (740 SE2d 204) (2013) (citations and punctuation omitted).

> Here, the victim's testimony about [intervening in Lopez's fights with others] was part of the res gestae of the prior difficulties evidence and thus was relevant and admissible, even if it incidentally placed [Lopez's] character in issue. Accordingly, any objection to the victim's testimony would have been futile, and the failure to make a meritless objection cannot be evidence of ineffective assistance. The trial court therefore committed no error in denying Jones' motion for a new trial on the asserted ground.

*Jones v. State*, 329 Ga. App. 439, 448 (4) (765 SE2d 639) (2014) (citations and punctuation omitted).

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*