**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 30, 2017**

# In the Court of Appeals of Georgia

A17A1122. PITTMAN v. THE STATE.

BETHEL, Judge.

Quantara Pittman was convicted of one count of entering an automobile and appeals the trial court's denial of her motion for new trial. Pittman argues that the trial court erred in admitting evidence of an unredacted prior accusation. We disagree and affirm because the evidence was properly admitted.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence[.]" *Hagood v. State*, 228 Ga. App. 693, 694 (2) (492 SE2d 606) (1997) (citation and punctuation omitted). So viewed, the evidence shows that on November 8, 2014, Pittman and the victim got into a physical altercation while at Jermaine Stokes' family home. The altercation was the result of ongoing tension

regarding Stokes' simultaneous romantic relationships with Pittman and the victim. Pittman was charged with simple battery and disorderly conduct. Pittman pled guilty to disorderly conduct, and the other charge was dismissed.

Stokes and Pittman subsequently ended their relationship, and Pittman moved out of their shared apartment. On the morning of September 23, 2015, Stokes and the victim car-pooled to work in the victim's vehicle. Stokes dropped the victim off at work, but the victim left her purse in the back seat of the vehicle. Stokes continued driving the victim's vehicle to his job and parked in a temporary spot, leaving the vehicle unlocked. Upon returning to the parking lot to move the victim's car, Stokes saw Pittman. Pittman told Stokes that she took the victim's purse from the backseat of the car. Stokes followed Pittman to her car and saw the victim's purse in it. Stokes recounted the events with the victim, who then contacted law enforcement. Pittman was charged with one count of entering an automobile and two counts of theft by taking.

At trial, the victim testified about prior conflicts with Pittman, including the altercation on November 8, 2014 (the "prior altercation"). On cross-examination, the victim was asked whether a police report of the prior altercation existed. The victim responded affirmatively. She stated that she had a copy of the police report

2

evidencing the prior altercation but that she did not have it with her at trial. On re-direct, the State asked the victim if she knew what Pittman had been arrested for at that time, and she responded, "[s]imple battery or something like that." Thereafter, the State moved to admit a certified copy of the accusation into the record to support the victim's statement following the "attack" on her credibility. Pittman objected to the entire document as inadmissible hearsay, but particularly to the admission of the dismissed count of simple battery.[1] The trial court overruled the objection and admitted the full, unredacted accusation into evidence.

The jury found Pittman guilty of entering an automobile and not guilty on both counts of theft by taking. Pittman filed a motion for new trial, which the trial court denied. This appeal followed.

Pittman argues that the trial court erred in admitting the unredacted accusation from the prior altercation with the victim because it was inadmissible bad character

---

[1] At trial, defense counsel objected to the entire document; on appeal, Pittman only argues that the admission of the simple battery count was in error and acknowledges the admissibility of the disorderly conduct conviction. She concedes it is sufficient to show the disorderly conduct conviction to rehabilitate the victim's testimony.

3

evidence.[2] "We review this contention pursuant to a clear abuse of discretion standard." *Brooks v. State*, 298 Ga. 722, 724 (2) (783 SE2d 895) (2016) (citation omitted).

OCGA § 24-4-404 (b) provides that

[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

OCGA § 24-4-404 (b) governs the admissibility of prior difficulty evidence. *See Everhart v. State*, 337 Ga. App. 348, 352 (2) (a) (786 SE2d 866) (2016); *see also Redding v. State*, 297 Ga. 845, 849 (3) (778 SE2d 774) (2015) (trial court did not abuse its discretion by admitting impeachment evidence even though it may have incidentally put defendants character in issue).

On cross-examination, defense counsel challenged the veracity the victim's testimony regarding her past difficulties with Pittman by suggesting that the victim's testimony was not credible. Defense counsel then questioned the victim about her

---

[2] On appeal, Pittman has not challenged the admissibility of this evidence on the basis that it is hearsay. We therefore only consider whether the trial court properly admitted this document pursuant to OCGA § 24-4-404 (b).

claim that Pittman previously "attacked" her and was arrested in connection with the attack. Defense counsel's questions attacked the credibility of the victim's version of events because the victim could not produce a police report to confirm her story. In an effort to rehabilitate the victim's testimony regarding the prior altercation, the State asked the victim about Pittman's arrest for simple battery and introduced Pittman's prior accusation in support of the victim's testimony that the prior altercation occurred and that Pittman was arrested in connection therewith.

Because the dispute regarding the prior altercation was not limited to whether Pittman had been arrested, but also included whether the prior altercation had actually occurred as recounted by the victim, the unredacted accusation bore directly on the victim's credibility, and its admission, even if it incidentally reflected on Pittman's character, was proper. *See Peoples v. State*, 295 Ga. 44, 53 (4) (b) (757 SE2d 646) (2014) ("[E]vidence of an independent bad act committed by the defendant may be admissible if the evidence is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he has a criminal character.") (citation and punctuation omitted); *see also Robinson v. State*, 275 Ga. App. 537, 538 (1) (621 SE2d 770) (2005) (the State may "rehabilitate a witness whose credibility has been attacked.") (citation and punctuation omitted).

*Compare Crane v. State*, 263 Ga. 518, 519-520 (1) (b) (436 SE2d 216) (1993) (evidence was inadmissible where the accusation had no direct applicability on the ultimate issue of credibility of the defendant's denial).

Redacting the accusation to show only the conviction of disorderly conduct and not the charge of simple battery would not have served its rehabilitative purpose because the victim testified that she was "attacked" by Pittman and that Pittman was arrested for simple battery. Because the unredacted accusation was properly admitted to rehabilitate the prosecution's witness, the trial court did not abuse its discretion in admitting it as evidence of prior difficulties between Pittman and the victim pursuant to OCGA § 24-4-404 (b). *See Palmer v. State*, 330 Ga. App. 679, 686 (6) (a) (769 SE2d 107) (2015) (citing *Thompson v. State*, 295 Ga. 96, 101-102 (3) (b) (757 SE2d 846) (2014)); *accord Cunningham v. State*, 243 Ga. App. 770, 771 (1) (533 SE2d 735) (2000) ("[e]vidence of prior difficulties between the parties is admissible if there is a logical, probative connection between the difficulties and the crimes charged.") (citation and punctuation omitted).

*Judgment affirmed. McFadden, P. J., and Branch, J., concur.*