307 Ga. 618
FINAL COPY

S19A1151. FLOWERS v. THE STATE.

ELLINGTON, Justice.

Following a jury trial, Jasento Flowers ("the appellant") was convicted of the malice murder of his ex-wife, Bridgette Flowers ("Flowers"), by shooting her with a handgun, and of the aggravated assaults of Tearro Moore, Ranoda Hammonds, Jamesia Williams, and Onterio Smith, by shooting at them with a handgun.[1] He appeals, contending that the trial court erred in admitting evidence

---

[1] The crimes occurred on February 22, 2014. On June 3, 2014, a Bibb County grand jury returned an indictment charging the appellant with malice murder (Count 1), felony murder (predicated on the aggravated assault of Flowers) (Count 2), and aggravated assault of the other victims (Counts 3, 4, 5, and 6). Following a jury trial that ended on July 1, 2015, the appellant was found guilty on all counts. On July 7, 2015, the trial court sentenced the appellant to life imprisonment without parole on Count 1, and 20 years' imprisonment on each of Counts 3, 4, 5, and 6, to be served concurrently. The sentencing order indicated that Count 2 merged with the murder conviction, although the felony murder verdict was actually vacated by operation of law. *Bradley v. State*, 305 Ga. 857, 857 n.1 (828 SE2d 322) (2019). On July 17, 2015, the appellant filed a timely motion for a new trial. Following a hearing on January 14, 2019, the trial court denied the appellant's motion for a new trial on February 18, 2019. The appellant filed a timely notice of appeal, and his appeal was docketed in this Court for the August 2019 term and submitted for decision on the briefs.

of a prior altercation with Flowers and in admitting a photograph of her brain, taken during the autopsy. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the prosecution, the evidence showed the following. On February 22, 2014, Flowers held a cookout at her home in Bibb County, attended by Moore (Flowers's daughter) and other family members and friends. At about 9:00 p.m., Flowers, Moore, Hammonds, and Williams left the cookout in Flowers's van to go to a local liquor store and then to drop off another friend at the friend's boyfriend's house, which happened to be next door to the appellant's house. As Flowers sat in the driver's seat in the van in front of the boyfriend's house, the appellant walked up with a handgun and shot her in the face at close range. Moore moved into the driver's seat and sped away from the scene as the appellant fired shots at the van.

Moore drove the van back to Flowers's house. While Deontress Moore (Flowers's son), Williams, and Smith were checking on Flowers where she lay in the van, the appellant drove up and shot

at them, striking both Williams and Smith in the leg, and then drove away. Flowers died as a result of injuries sustained from the gunshot wound. Later that night, Flowers's son called the appellant, who laughed and said, "I killed her."

At trial, Moore, Hammonds, Smith, and other eyewitnesses testified about the shootings. Moore and Hammonds also testified that they had previously heard the appellant tell Flowers that he was going to kill her and kill himself. According to Moore, Flowers told her that the appellant "was just jealous and if he couldn't have her then nobody could have her." The State also presented evidence — Moore's eyewitness testimony and a surveillance video recording — that on February 14, 2014, eight days before the shooting, Flowers was shopping at Walmart when the appellant went there to confront her. The appellant punched Flowers in the face and the back of the head, knocking her unconscious.

1. The appellant does not challenge the sufficiency of the evidence. Nevertheless, as is our customary practice in murder cases, we have independently reviewed the record and conclude that

3

the evidence was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that the appellant was guilty of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. The appellant contends that, as to the murder counts, the trial court erred by admitting evidence at trial under OCGA § 24-4-404 (b) ("Rule 404 (b)"), specifically, Moore's eyewitness testimony about the appellant's beating of Flowers at Walmart on February 14, 2014, and the surveillance video recording of the incident.

At the State's request, the trial court conducted a pretrial hearing regarding the admissibility of the evidence as a "prior difficulty." The appellant objected to the evidence, arguing that, although the State is not required to provide pretrial notice of its intent to offer evidence of prior difficulties between the accused and the victim, such evidence is admissible under Rule 404 (b) only for a permissible, non-character purpose.[2] The appellant argued that

---

[2] OCGA § 24-4-404 (b) provides:
  Evidence of other crimes, wrongs, or acts shall not be

4

evidence of the February 14 beating was irrelevant as to any permissible purpose of other acts evidence under Rule 404 (b). The trial court determined that the evidence was admissible as to motive, preparation, and plan. The trial court instructed the jury that consideration of the evidence was to be limited to these purposes, both before the State presented the evidence and in the court's final charge to the jury.

As a threshold matter, we note that, despite the use of the term "prior difficulties" in OCGA § 24-4-404 (b), in the context of whether pretrial notice of other acts evidence is required, cases addressing the admissibility of evidence of "prior difficulties" decided under the

admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The prosecution in a criminal proceeding shall provide reasonable notice to the defense in advance of trial, unless pretrial notice is excused by the court upon good cause shown, of the general nature of any such evidence it intends to introduce at trial. Notice shall not be required when the evidence of prior crimes, wrongs, or acts is offered to prove the circumstances immediately surrounding the charged crime, motive, or prior difficulties between the accused and the alleged victim.

5

old Evidence Code do not apply in cases controlled by the current Evidence Code. *Johnson v. State*, 292 Ga. 856, 859 (2) n.2 (742 SE2d 460) (2013).[3] The trial court in this case properly decided the State's motion under Rule 404 (b). Id. "Rule 404 (b) explicitly recognizes the relevance of other acts evidence offered for a permissible purpose and, at the same time, prohibits the admission of such evidence when it is offered *solely* for the impermissible purpose of showing a defendant's bad character or propensity to commit a crime." *State v. Jones*, 297 Ga. 156, 159 (2) (773 SE2d 170) (2015) (emphasis in original). For evidence of other acts to be admissible, a three-part test must be satisfied. *State v. Atkins*, 304 Ga. 413, 416 (2) (819 SE2d 28) (2018).

> The trial court must find that: (1) the other acts evidence is relevant to an issue other than the defendant's

---

[3] Accordingly, cases in which the current Evidence Code applied but the Court of Appeals relied on analysis from the old Evidence Code "prior difficulties" decisions are disapproved to that extent. See e.g., *Maqrouf v. State*, 349 Ga. App. 174, 177 (1) (a) (825 SE2d 569) (2019); *Blackwell v. State*, 346 Ga. App. 833, 838 (2) (815 SE2d 288) (2018); *Edge v. State*, 345 Ga. App. 794, 799 (3) (815 SE2d 146) (2018); *Williams v. State*, 345 Ga. App. 692, 696 (3) (814 SE2d 818) (2018); *Pittman v. State*, 343 Ga. App. 580, 582 (807 SE2d 492) (2017); *Person v. State*, 340 Ga. App. 252, 254-256 (1) (797 SE2d 172) (2017); *Lopez v. State*, 332 Ga. App. 518, 520-521 (2) (773 SE2d 787) (2015).

character, (2) the probative value is not substantially outweighed by undue prejudice under OCGA § 24-4-403 ("Rule 403"),[4] and (3) there is sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the acts.

Id. "A trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion." *Jones*, 297 Ga. at 159 (1). Evidence of a defendant's prior acts toward another person may be admissible when the defendant is accused of a criminal act against that person, where the nature of the relationship between the defendant and the victim sheds light on the defendant's motive in committing the offense charged in the prosecution at issue. See *Smart v. State*, 299 Ga. 414, 417-418 (2) (a) (788 SE2d 442) (2016); *Anthony v. State*, 298 Ga. 827, 832 (4) (785 SE2d 277) (2016).

The appellant contends that the evidence of the February 14 beating was irrelevant to the issue of motive, which has been defined

---

[4] OCGA § 24-4-403 provides: "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

as "the reason that nudges the will and prods the mind to indulge the criminal intent[,]" *Kirby v. State*, 304 Ga. 472, 486 (4) (b) (819 SE2d 468) (2018) (citation and punctuation omitted), because nothing about that incident, where he was the aggressor, would have prodded him or otherwise nudged his will to shoot the victim in the face a week later. He argues that, if anything, the earlier incident would be a motive for *Flowers* to later attack *him*, not the other way around. We conclude, however, that the trial court did not abuse its discretion in deciding that evidence of the February 14 beating was relevant to the charge of murder, in that the appellant's attack that night sheds light on the nature of the parties' relationship and on the appellant's potential motive in shooting Flowers eight days later. See *Smart*, 299 Ga. at 417-418 (2) (a) (evidence regarding prior acts of domestic violence committed by the defendant against the victim was relevant to the defendant's motive in fatally beating her); *Anthony*, 298 Ga. at 832-833 (4) (evidence that the defendant slashed his wife's car tire, told a witness that he would use a gun to "handle" the victim, who was having an affair with the defendant's

8

wife, and surveilled his wife's car overnight while she was with the victim, was relevant to the defendant's motive in shooting the victim); see also *United States v. Farish*, 535 F3d 815, 819 (II) (A) (8th Cir. 2008) (evidence that the defendant committed acts of domestic violence against his girlfriend was relevant to the defendant's motive in setting fire to the home of the victim, who had sheltered the defendant's girlfriend after he abused her).[5]

Because the evidence at issue was admissible as to motive, we need not determine whether it was also admissible to show preparation or plan. *Anthony*, 298 Ga. at 832 (4) n.3.[6] We therefore next address whether the trial court abused its discretion in weighing the probative value of the other acts evidence against any

---

[5] "OCGA § 24-4-404 (b) is modeled on Federal Rule of Evidence 404 (b). We therefore look to the decisions of the federal appellate courts, particularly the decisions of the Eleventh Circuit, for guidance in construing and applying the [Georgia] rule." *Strother v. State*, 305 Ga. 838, 846 (4) (c) (828 SE2d 327) (2019) (footnote omitted).

[6] We also need not decide whether the evidence is better treated as intrinsic evidence. See *Wimberly v. State*, 302 Ga. 321, 325-326 (2) (b) (806 SE2d 599) (2017); see also Paul S. Milich, Georgia Rules of Evidence § 11:3, n.11 (2019-2020 ed.) (noting that other acts or wrongs, evidence of which may be admitted under Rule 404 (b) as extrinsic evidence of the motive for a crime, may be so closely related to and intertwined with the crime as to be deemed "intrinsic" to the crime and not subject to the requirements of Rule 404 (b)).

danger of unfair prejudice, as required by Rule 403.

> The application of the Rule 403 test is a matter committed principally to the discretion of the trial courts, but as we have explained before, the exclusion of evidence under Rule 403 is an extraordinary remedy which should be used only sparingly. The major function of Rule 403 is to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

*Smart*, 299 Ga. at 418 (2) (b) (citations and punctuation omitted).

We conclude that the trial court in this case did not abuse its discretion in deciding that the probative value of the evidence of the February 14 beating is not substantially outweighed by the danger of unfair prejudice. The evidence did not show merely that the appellant had engaged in a prior act of domestic violence, but, instead, it showed the nature of the relationship between the appellant and Flowers and his motive in shooting her. *Smart*, 299 Ga. at 418-419 (2) (b). Furthermore, as in *Smart*,

> there was nothing inherent in this evidence that would create a risk that [the appellant] would be convicted on a ground different from proof specific to the offense charged. . . . [N]othing in the [evidence] would shock the average juror or otherwise render the jury incapable of weighing the evidence in a disinterested manner, and

10

> given the relevance of the evidence to the question of motive, we cannot say that any prejudice it might have caused outweighed its significant probative value.

Id. at 419 (2) (b) (citations and punctuation omitted). The appellant has not challenged the sufficiency of the proof that he committed the February 14 beating. Based on the foregoing, we identify no abuse of discretion in the trial court's admission of evidence of the appellant's recent prior beating of Flowers. See id. at 416-419 (2).

3. The appellant contends that, as to the murder counts, the trial court erred by admitting into evidence an unduly prejudicial autopsy photograph showing Flowers's exposed brain. The appellant relies solely on the exclusionary rule established by this Court in *Brown v. State*, 250 Ga. 862, 867 (5) (302 SE2d 347) (1983), that "[a] photograph which depicts the victim after autopsy incisions are made or after the state of the body is changed by authorities or the pathologist will not be admissible unless necessary to show some material fact which becomes apparent only because of the autopsy." The rule in *Brown*, however, was abrogated by Georgia's current Evidence Code and is inapplicable to this case. *Venturino v. State*,

306 Ga. 391, 395-396 (2) (b) (830 SE2d 110) (2019). The admissibility of autopsy photographs now must be decided under OCGA §§ 24-4-401,[7] 24-4-402,[8] and 24-4-403, and Georgia cases decided under the current Evidence Code, looking also to federal case law for guidance. *Venturino*, 306 Ga. at 396 (2) (b).

In this case, the medical examiner who performed the autopsy testified that a bullet entered the tip of Flowers's nose, damaged her cheekbone, and continued along a path at the base of her skull. In addition to causing hemorrhaging along the wound track, the bullet fractured the base of Flowers's skull and caused a concussive injury that severely bruised her brain and resulted in her death within minutes after the injury. The medical examiner referred to State's Exhibit 26, a photograph showing the underside of Flowers's brain,

---

[7] OCGA § 24-4-401 provides: "As used in [Title 24, Chapter 4], the term 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[8] OCGA § 24-4-402 provides: "All relevant evidence shall be admissible, except as limited by constitutional requirements or as otherwise provided by law or by other rules, as prescribed pursuant to constitutional or statutory authority, applicable in the court in which the matter is pending. Evidence which is not relevant shall not be admissible."

12

to illustrate the extent of the bruising.

Just as the medical examiner's testimony regarding her observation of the condition of the victim's brain during the autopsy was relevant and probative as evidence of the immediate lethality of the injury inflicted by the appellant, the photograph of Flowers's brain was relevant as evidence of the severity of that injury. See *Plez v. State*, 300 Ga. 505, 508 (3) (796 SE2d 704) (2017) ("[P]hotographic evidence that fairly and accurately depicts a body or crime scene and is offered for a relevant purpose is not generally inadmissible under Rule 403 merely because it is gruesome." (citation and punctuation omitted)). The single photograph of Flowers's brain was not particularly gory or gruesome, and we conclude that the trial court did not abuse its discretion in deciding that the photograph's probative value was not substantially outweighed by the danger of unfair prejudice. See *Venturino*, 306 Ga. at 396 (2) (b); *Pike v. State*, 302 Ga. 795, 799-800 (3) (809 SE2d 756) (2018).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2020.

Murder. Bibb Superior Court. Before Judge Simms.

*Nicholas E. White*, for appellant.

*K. David Cooke, Jr., District Attorney, Jason M. Martin, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder,*

14

*Assistant Attorney General*, for appellee.