**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 13, 2020**

# In the Court of Appeals of Georgia

A20A0913. LOFLAND v. THE STATE.

RICKMAN, Judge.

Following a jury trial, Ronald Eric Lofland was convicted on one count of aggravated assault (family violence) with a deadly weapon.[1] He filed a motion for new trial, which the trial court denied. Lofland argues on appeal that the trial court erred by admitting evidence of other acts and by failing to charge the jury on an essential element of aggravated assault (family violence). We find no reversible error and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the

---

[1] Lofland was charged with, but acquitted on, one count of cruelty to children in the third degree.

evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LEd2d 560) (1979).

(Citation and punctuation omitted.) *Smart v. State*, __ Ga. App. __ (846 SE2d 172) (2020).

So construed, the evidence showed that Lofland and the victim were married and had two children together, and Lofland was a stepfather to the victim's 15-year-old daughter. In January 2016, the victim returned home from work in the early morning hours and as she was attempting to fall sleep, Lofland, who had been drinking, began slapping her and accusing her of being unfaithful to him. According to the victim, he "always accused [her]" of cheating on him. The victim eventually went to sleep, but the arguing began anew after she woke up. The victim threatened to take their children and leave, at which time Lofland retrieved a knife from the kitchen, held it to the victim's abdomen, and told her, "I'm going to fucking cut you in the naval." The victim's teenage daughter then walked into the room and screamed, "[N]o, Daddy!", causing Lofland to immediately stop threatening the victim and begin comforting the child, who had dropped to the floor crying.

Lofland was subsequently arrested, charged, and convicted on one count of aggravated assault (family violence) with a knife, a deadly weapon. See OCGA §§ 16-5-20 (a) (1), (2); 16-5-21 (a) (2), (i). He filed a motion for new trial, which the trial court denied. This appeal follows.

1. Lofland asserts that the trial court erred by admitting other acts evidence under Rule 404 (b). We disagree.

Prior to trial, the State filed a notice of its intent to admit evidence that, four months after the knife incident for which Lofland was indicted, he shot the victim and her male friend with a handgun.[2] The trial court conducted a hearing, after which the court determined that the evidence was admissible to the extent that it may show intent, the reasonableness of the victim's fear, and the "state of feelings" between the defendant and the victim.[3]

---

[2] At the time of trial, Lofland had not been charged in connection with the shooting.

[3] We note that similar other acts evidence has been used to show motive in other cases involving domestic violence; however, the State did not request, and the trial court did not admit, the other acts evidence for that purpose in this case. See, e.g., *Smart v. State*, 299 Ga. 414, 447 (2) (a) (788 SE2d 442) (2016); *Chambers v. State*, 351 Ga. App. 771, 778-779 (2) (833 SE2d 155) (2019); *Harris v. State*, 338 Ga. App. 778, 782-783 (792 SE2d 409) (2016).

The victim thereafter testified that, approximately four months after the knife incident, she hosted several family members at her home for dinner. Lofland did not attend but was within walking distance at the victim's brother's house up the street.[4] After the rest of her family had left, the victim was on the porch with a male friend, when Lofland approached them and asked, "What's going on here?" He then pulled out a handgun and shot both the victim and her male friend; neither wound was fatal. The male friend jumped over the balcony and fled, while the victim ran inside the house and locked the door. Lofland remained outside tampering with the door, but left after the victim's teenage daughter went to the door and screamed, "[N]o, Daddy . . . get away from the door." The male friend offered testimony about the event consistent with that of the victim's, and the trial court gave the jury a limiting instruction prior to their testimony.[5]

We begin by noting that the trial court correctly determined that the admissibility of the other acts evidence, which would have previously been analyzed

[4] Lofland was out on bond after having been arrested for the crime at issue in this case.

[5] The victim also testified that on a different occasion, Lofland threw a glass bottle at the wall above her head and the shattered glass cut her, requiring a staple in her scalp. The admission of that evidence was not challenged and is not at issue in this appeal.

4

as evidence of "prior difficulties," is now governed by Rule 404 (b). See *Flowers v. State*, 307 Ga. 618, 620-621, n.3 (1) (837 SE2d 824) (2020) (overruling several cases from this Court which relied upon pre-Rule 404 (b) cases when analyzing the admission of prior difficulty evidence).

Rule 404 (b) provides, in pertinent part, as follows:

Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

The Rule "explicitly recognizes the relevance of other acts evidence offered for a permissible purpose and, at the same time, prohibits the admission of such evidence when it is offered *solely* for the impermissible purpose of showing a defendant's bad character or propensity to commit a crime." (Citation and punctuation omitted; emphasis in original.) *Flowers*, 307 Ga. at 621 (2).

When assessing the admissibility of other acts evidence, the trial court must apply a three-part text to examine whether:

(1) the other acts evidence is relevant to an issue other than the defendant's character, (2) the probative value is not substantially outweighed by undue prejudice under OCGA § 24-4-403 ("Rule 403"),

5

and (3) there is sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the acts.

(Citation and punctuation omitted.) Id; see *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015). Because Rule 404 (b) is modeled on the Federal Rules of Evidence 404 (b), we look to the decisions of the federal appellate courts for guidance in construing and applying the Georgia rule. See *Flowers*, 307 Ga. at 622, n.5 (2); see also *Strong v. State*, __ Ga. __ , n.21 (3) (845 SE2d 653) (2020).

We will affirm the trial court's decision to admit other acts evidence absent a clear abuse of discretion. See *Flowers*, 307 Ga. at 621 (2). And we note that for the purpose of the admissibility analysis, the governing principles are the same whether the conduct occurs before or after the offense charged. See *U.S. v. Delgado*, 56 F.3d 1357, 1365 (III) (B) (11th Cir. 1995).

(a) With respect to the evidence that he shot his wife, Lofland does not challenge its relevance or the sufficiency of the proof that he committed the act. Rather, he argues that because aggravated assault is a general intent crime,[6] the probative value of the evidence was minimal and was substantially outweighed by its

---

[6] See *Booth v. State*, 301 Ga. 678, 684 (3) (804 SE2d 104) (2017) (recognizing that aggravated assault with a deadly weapon is a general intent crime).

unduly prejudicial impact, such that it should have been excluded under the second part of the Rule 404 (b) analysis.

The second part of the Rule 404 (b) analysis is governed by OCGA § 24-4-403 ("Rule 403"), which provides that even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The rule is one of inclusion, and the exclusion of evidence under its balancing test "is an extraordinary remedy which should be used only sparingly." (Citation and punctuation omitted.) *Olds v. State*, 299 Ga. 65, 70 (2) (786 SE2d 633) (2016); see also *Hood v. State*, 299 Ga. 95, 103 (4) (786 SE2d 648) (2016) ("The major function of Rule 403 is to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.") (citation and punctuation omitted). The Rule 403 analysis requires the trial court to exercise its discretion and make "a common sense assessment of all the circumstances surrounding the extrinsic act and the charged offense." (Citation and punctuation omitted.) *Castillo-Velasquez v. State*, 305 Ga. 644, 648 (2) (827 SE2d 257) (2019); see *Kirby v. State*, 304 Ga. 472, 481 (4) (a) (819 SE2d 468) (2018).

With respect to evidence offered to prove intent, the relevant circumstances to be considered by the trial court when assessing its probative value include (1) the prosecutorial need for the extrinsic evidence; (2) the overall similarity between the extrinsic act and the charged offense; and (3) the temporal remoteness of the other act. See *Castillo-Velasquez*, 305 Ga. at 648 (2).

Lofland was charged with assaulting the victim, his wife, with a knife, a deadly weapon. See OCGA § 16-5-21 (a) (2), (i). Thus, the State had the burden of proving, beyond a reasonable doubt, that Lofland used a knife against the victim with the intent either to violently injure her, or to commit an act that placed her in reasonable apprehension of immediately receiving a violent injury.[7] See OCGA § 16-5-20 (a) (1), (2).

As Lofland correctly asserts, the crime as charged was a general intent crime, which undoubtedly lessened the State's need for the other acts evidence. See *Jones v. State*, 301 Ga. 544, 548 (2) (802 SE2d 234) (2017) (explaining that the probative value of other acts evidence generally lessens when the crime charged is one of

---

[7] The indictment did not specify by which method Lofland was alleged to have committed the assault and the jury was charged on OCGA § 16-5-21 (a) in its entirety, so the State was entitled to prove either. See *Simpson v. State*, 277 Ga. 356, 358 (3) (589 SE2d 90) (2003).

8

general intent). Nevertheless, Lofland placed his intent at issue by pleading not guilty, see *State v. Jones*, 297 Ga. 156, 161, n.4 (2) (773 SE2d 170) (2015), and at trial, he denied threatening the victim and attempted to discredit her by asserting that she was the aggressor in the relationship. We agree with the trial court that the shooting evidence derived some probative value in showing that Lofland exhibited "aggressive behavior involved in a domestic relationship" and "an intent to control . . . [and] influence" the victim. See *Olds*, 299 Ga. at 75 (2) (noting that the probative value of other acts evidence increases with "the tendency to make the existence of a fact more or less probable," and "the extent to which evidence tends to make the existence of a fact more or less probable depends significantly on the quality of the evidence and the strength of its logical connection to the fact for which it is offered").

As to the second consideration in the trial court's analysis, the overall similarity between the other acts evidence and the charged crime was quite substantial. First and foremost, they both involved the same victim. See *United States v. Littlewind*, 595 F3d 876, 881 (II) (8th Cir., 2010) ("[T]he relative probative value of prior crime evidence is increased by the fact that both offenses were associated with the same victim.") (citation and punctuation omitted). Further, both events occurred at their marital home, both seemed to have been prompted by Lofland's

9

jealousy and suspicion of the victim, both involved an alleged assault with a deadly weapon, and both ceased upon the plea of the victim's teenage daughter. Although there were also dissimilarities[8] – the use of a different weapon, the severity of the alleged assault, the presence of a non-related third party – the similarities between the two events were significant compared to the differences, thus increasing its probative value. See *Benning v. State*, 344 Ga. App. 397, 402 (810 SE2d 310) (2018) (affirming evidence of defendant's prior sexual assaults under the Rule 403 analysis because, "the manner of abuse was similar and these similarities make the other offenses highly probative with regard to the defendant's intent in the charged offenses.").

And finally, with respect to temporal proximity, the alleged shooting occurred only four months after the charged crime, further increasing its probative value. See *Hood*, ___ Ga. ___, at *6 (2) (Case No. S20A0725, decided Aug. 10, 2020) (recognizing the high probative value of other acts evidence involving a similar crime within months of the charged offense).

---

[8] See *Strong v. State*, __ Ga. __ (4) (d) (1) (845 SE2d 653) (2020) (noting that the Rule 404 (b) analysis requires consideration of both the similarities and the dissimilarities between the other acts evidence and the charged crime).

In sum, although the nature of the charged offense lessened the need for the other acts evidence, the other two factors weighed in favor of admitting the evidence. Further, the prejudicial impact of the evidence was mitigated by the trial court's limiting instruction to the jury prior to the admission of the evidence, and again during the jury charge after the close of the evidence. See *Benning*, 344 Ga. App. at 403 . Giving fair consideration to all three factors, although the other acts evidence was undoubtedly prejudicial, we cannot say that its probative value was so outweighed by the danger of unfair prejudice that the trial court abused its discretion when admitting it. See *Thompson v. State*, ___ Ga. ___ (2) (Case No. S20A0245, decided June 1, 2020) (holding the trial court did not err by admitting, in defendant's trial for felony murder of his wife predicated on aggravated assault, evidence of other acts of violence by defendant against his wife, children, and stepchildren); *Powell v. State*, 332 Ga. App. 437, 440-441 (2) (b) (773 SE2d 399) (2015) (holding the trial court did not err by admitting, in defendant's trial for threatening her daughter with a knife, evidence that she had threatened the same victim with a knife on two prior occasions); see also *United States v. Berckmann*, __ F3d __, II (B) (2020 WL 4876752) (9th Cir. 2020) ("Other acts of domestic violence involving the same victim are textbook examples of evidence admissible under Rule 404 (b) . . . ); *United States*

11

*v. Miers*, 686 Fed. Appx. 838, 841-842 (II) (11th Cir. 2017) (affirming the trial court's admission, in defendant's trial for domestic violence of against girlfriend, of his other acts of violence against his former wife and girlfriends). Compare *Strong*, 845 SE2d at 667 (holding the trial court erred by admitting numerous incidents of other acts evidence because "[t]he fact that [a]ppellant may have committed violent crimes against other people many years earlier had nothing to do with his reason for stabbing the victims, and really has no purpose other than to show [a]ppellant's propensity toward violence") (citation and punctuation omitted); *Jackson v. State*, 306 Ga. 69, 77-81 (2) (b) (ii) (829 SE2d 142) (2019) (holding the trial court erred by admitting, in defendant's trial for aggravated assault with a deadly weapon, evidence of a totally unrelated aggravated assault ten years prior when the State's need for the evidence was negligible and there were significant differences between the two incidents).

(b) Lofland further asserts that the trial court erred by admitting evidence that he allegedly shot the victim's male friend because the evidence was irrelevant and failed to meet the first prong of the Rule 404 (b) analysis. We need not even consider Lofland's argument in light of our holding in Division (1) (a). Since evidence that Lofland allegedly shot his wife was properly admitted, it is highly probable, even if

we assume error, that additional evidence related to his alleged shooting of her male friend did not contribute to the jury's verdict and was, therefore, harmless. See *Taylor v. State*, 306 Ga. 277, 283 (2) (830 SE2d 90) (2019) ("The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict.") (citation and punctuation omitted).

2. Finally, Lofland argues that the trial court failed to specifically instruct the jury that a spousal relationship was a material element of the crime of aggravated assault (family violence). Lofland made no objection to the charge as given, so we review it for plain error. See OCGA § 17-8-58 (b) ("Failure to object [to any portion of the jury charge] shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties.").

The trial court informed the jury that "[t]he grand jury has indicted [Lofland] with the offense[ ] of family violence, aggravated assault, in Count 1 of the indictment." In addition, the court instructed the jury that "[n]o person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt." The trial court defined the crime of aggravated assault; charged the jury that its determination that the knife used constituted a deadly weapon was a

13

material element to the crime; then immediately thereafter instructed the jury that, "I will now charge you on family violence. A crime is committed under the Family Violence Act when the alleged victim is the present spouse of the accused."

Georgia law requires that the jury charges, as given, "were correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence." (Citation and punctuation omitted.) *Sims v. State*, 296 Ga. App. 461, 464 (3) (675 SE2d 241) (2009). The jury charges as given by the trial court met that requirement. See OCGA § 16-5-21 (i) (defining aggravated assault (family violence) as the "offense of aggravated assault . . . committed between past or present spouses . . ."). Further, the fact that Lofland and the victim were married was never disputed, and was testified to at trial by both parties. Thus, under no set of circumstances could Lofland establish that the given charge affected the "substantial rights of the parties," as is required under the plain error analysis. See OCGA § 17-8-58 (b); see generally *Oates v. State*, __ Ga. App. __ (4) (844 SE2d 239) (2020).

*Judgment affirmed. Dillard, P. J., and Brown, J., concur.*