**SECOND DIVISION
RICKMAN, P. J.,
GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 9, 2025**

# In the Court of Appeals of Georgia

A25A0185. RODRIGUEZ v. THE STATE.

GOBEIL, Judge.

A DeKalb County jury found Eric Rodriguez guilty of homicide by vehicle in the first degree, hit and run, and other charges related to a fatal car crash that took place in November 2020. Rodriguez now appeals from the trial court's denial of his motion for new trial, arguing that the trial court erred in admitting, over objection, evidence of empty beer cans found in his vehicle. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence[.]" *Williams v. State*, 333 Ga. App. 879, 879 (777 SE2d 711)

(2015) (citation and punctuation omitted). Rodriguez "does not challenge the sufficiency of the evidence supporting his convictions. As such, we review only the evidence presented at trial that is relevant to [Rodriguez's] enumerations of error and any factual background needed to provide context for them." *Eaker v. State*, 315 Ga. 202, 203 (1) (881 SE2d 673) (2022) (footnote omitted).

The record in this case shows that a child, Amiah Kenney, was killed after an SUV rear-ended a vehicle that was stopped in the left-hand lane of Peachtree Industrial Boulevard Access Road in the late evening hours of November 11, 2020. At least two witnesses in another vehicle observed the crash. After the crash, a man exited the SUV and approached the vehicle he had hit. Seeming hysterical, the man fled the scene of the accident. Initially, he tried to flee in the SUV, but ultimately fled on foot after removing the tag from his vehicle.

Investigators used the Vehicle Identification Number ("VIN") on the SUV to identify the owner of the vehicle, Rodriguez. Investigators obtained videos of Rodriguez and showed them to the witnesses, who confirmed he was the driver of the SUV that caused the crash and fled the scene. After Rodriguez was arrested, investigators used cell phone location data to confirm that Rodriguez was in the

vicinity of the crash at the time of the accident. Investigators also used DNA testing to confirm that Rodriguez's DNA was present on empty beer cans that were found inside the vehicle at the crash site.

Based on the foregoing, Rodriguez was indicted for two counts of homicide by vehicle in the first degree (premised on hit and run and reckless driving), hit and run resulting in serious injury or death, reckless driving, following too closely, tampering with evidence, driving without a valid license, and no proof of insurance. Rodriguez filed a motion in limine seeking inter alia to exclude any evidence that beer cans were found in his car after the crash. The trial court denied the motion after a hearing. Specifically, the trial court conducted the balancing test required by OCGA § 24-4-403 ("Rule 403") and found that the beer-can evidence was "highly relevant" to the issue of the identification of Rodriguez as the perpetrator, and its probative value was not substantially outweighed by the danger of unfair prejudice to Rodriguez.

Before the trial began, defense counsel put on the record that she had offered to stipulate to the identification of Rodriguez as the driver of the SUV that caused the accident, but the State had declined such a stipulation. In her opening statement,

defense counsel admitted that Rodriguez was driving on the same road where the victim's vehicle was stopped.

At trial, Georgia State Patrol Trooper Austin Medders testified that he was part of the team that processed the SUV after the crash. He stated that they located four open beer cans in the rear passenger floorboard of the vehicle. The cans were swabbed for DNA, which was later tested and found to be a match to Rodriguez. The jury viewed the beer cans. Defense counsel renewed her objection to this evidence.

At trial, Rodriguez argued that the crash was unavoidable by the driver of the SUV, describing the incident as "a horrible, terrible accident," but "not a crime." The defense called an expert witness who testified that, due to the weather conditions, low light, and position of the other vehicle as unexpectedly stopped in a lane of traffic, the SUV likely could not have prevented the crash, despite the fact that he was driving under the speed limit. Later, in her closing argument, defense counsel admitted that this case was "not a who done it," acknowledging that the State had produced significant evidence that Rodriguez was driving the SUV that crashed into the victim's vehicle. However, defense counsel questioned the State's use of the beer can evidence, arguing to the jury that investigators easily discovered that Rodriguez was

4

the driver within a couple of days of the accident via the VIN evidence and witness identification. Defense counsel argued that the State only introduced evidence of the beer cans because "they want[ed] to confuse [the jury] into thinking this is a case that it's not. It's not a DUI case. It is not a distracted driving case." Defense counsel also acknowledged that Rodriguez fled the scene of the crash, but argued that it was not due to guilt or callousness, but rather panic after seeing the dead body of the victim in the car.

In response, the prosecutor argued to the jury that the reason Rodriguez was not charged with DUI is because he fled the scene, and thus his person, breath, or blood could not be investigated for intoxicants. The State argued that his possible intoxication was a motive for his fleeing, in order to hide any additional evidence.

At the conclusion of the trial, the trial court directed a verdict for Rodriguez on the charge of following too closely. The jury found Rodriguez guilty on all other charges. After certain charges merged, the trial court sentenced him to 18 total years to serve in confinement. Rodriguez filed his motion for new trial, as amended, which the trial court denied after a hearing. This appeal followed.

On appeal, Rodriguez argues that the trial court erred in overruling his objections to the introduction of the beer cans into evidence. He argues that any probative value of the contested evidence was greatly reduced by his offer to stipulate to the issue of identity, counsel's concession to Rodriguez's identity in her opening and closing statements, and other uncontested evidence of identity (such as the identification of Rodriguez by multiple witnesses, his connection to the SUV's VIN, and the cell phone positioning data showing him in the area at the time of the crash). He asserts further that even to the extent the evidence remained probative, its value as to the identification issue was minimal, as his DNA's presence on beer cans in the vehicle did not prove that he was in the car at the time of the crash, whereas other, less unfairly prejudicial evidence, established his identity more specifically tied to the crash. Rodriguez argues that the risk of unfair prejudice for this evidence was great, as it could imply to the jury that he was intoxicated at the time of the crash, despite the fact that he was not charged with driving under the influence and there was no other evidence of his intoxication. Thus, he asserts the trial court abused its discretion in allowing this evidence. We discern no error.

Under Georgia law, all relevant evidence — that being evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable — shall be admissible, except as limited by constitutional requirements or as otherwise provided by law or by other rules. OCGA §§ 24-4-401, 24-4-402. Rule 403 allows the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403.

"The application of the Rule 403 test is a matter committed principally to the discretion of the trial courts." *Flowers v. State*, 307 Ga. 618, 622 (2) (837 SE2d 824) (2020) (citation and punctuation omitted). "[T]he exclusion of evidence under Rule 403 is an extraordinary remedy which should be used only sparingly. The major function of Rule 403 is to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." Id. at 622-623 (2) (citation and punctuation omitted).

> Obviously, the reason for such caution is that relevant evidence in a criminal trial is inherently prejudicial, and, as a result, Rule 403 permits exclusion only when unfair prejudice *substantially outweighs* probative

value. As a result, when we consider Rule 403 issues on appeal, we must look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.

*State v. Anderson*, 365 Ga. App. 75, 79 (877 SE2d 639) (2022) (citations and punctuation omitted; emphasis in original).

Here, even Rodriguez does not disagree that the contested evidence is at least somewhat relevant to his identity as the driver of the SUV that crashed into the victim's vehicle. Indeed, items bearing his DNA present in the offending vehicle when it caused the crash tends to establish that he was also present in the vehicle at the time of the crash. OCGA § 24-4-401. Although Rodriguez offered to stipulate to identity (after the trial court had already ruled on the evidence's admissibility), the State was permitted to reject such a stipulation and instead offer evidence to carry its burden that Rodriguez was the perpetrator. See *Hood v. State*, 299 Ga. 95, 102 (4) (786 SE2d 648) (2016) (the State is entitled to reject an offer to stipulate to a fact; "[t]he State retains broad control over how to present its case, so a defendant cannot always keep out damaging evidence simply by offering to stipulate to the element of a crime that such evidence would tend to prove").

We agree with Rodriguez that the probative value of the beer can evidence as to his identity was quite low, given his offer to stipulate to identity, defense counsel's general admission to Rodriguez's identity, and other, stronger, evidence of identity. See *Hood*, 299 Ga. at 103 (4) (a rejected offer to stipulate to an issue and the defendant's admission of such an issue at trial, while they do not render evidence on that issue irrelevant, should be considered in a Rule 403 balancing test because they do diminish the probative value of the evidence); *Ramirez v. State*, 303 Ga. 232, 234-236 (II) (811 SE2d 416) (2018) (the probative value of proffered evidence is reduced if other evidence established the fact to which it is relevant).

However, the State argues, and the trial court found in denying the motion for new trial, that the evidence also was relevant to Rodriguez's motive in fleeing the scene of the accident. We agree. Although the State was not necessarily required to prove Rodriguez's motive for fleeing the scene of the accident to convict him of hit and run charge, OCGA § 40-6-270 (b), it was central to his theory of defense. Rodriguez argued to the jury that the crash was unavoidable, not caused by any intoxication or distraction, and he fled out of panic rather than any improper motive due to guilt or intention to hide evidence. Thus, the beer can evidence also served to

explain the State's theory of Rodriguez's guilt, and to disprove Rodriguez's theory of innocence. See *Hood*, 299 Ga. at 104 (4) (explaining that, even where the probative value of proffered evidence is diminished by a stipulation by the defendant, it may still "retain[ ] significant probative value [if] it helps complete the story of the events resulting in the crimes charged"); *Old Chief v. United States*, 519 U. S. 172, 183 (II) (B) (2), 189 (II) (B) (3) (117 SCt 644, 136 LE2d 574) (1997) (noting that a judge considering a Rule 403 objection considers the proffered evidence with "an appreciation of the offering party's need for evidentiary richness and narrative integrity in presenting a case").

Accordingly, although we acknowledge that this is a close question, given the presumption in favor of admission, the rarity in which Rule 403 is intended to exclude relevant evidence, and the substantial discretion afforded the trial court (which in this case, conducted a thoughtful and thorough examination of the issue), we see no clear abuse of discretion in the trial court's determination that the probative value of beer can evidence was not substantially outweighed by its unfairly prejudicial effect. See *West v. State*, 305 Ga. 467, 473 (2) (826 SE2d 64) (2019) ( "When an appellate court reviews . . . the proper application of the Rule 403 balancing test, the trial court's

decision will not be disturbed unless there is a clear abuse of discretion."). We thus affirm.

*Judgment affirmed. Rickman, P. J., and Davis, J., concur.*